## WEST v. AURORA CITY.

A suit removable from a State court under the twelfth section of the Judiciary Act must be a suit regularly commenced by a citizen of the State in which the suit is brought by process served upon a defendant who is a citizen of another State.

Hence no removal can be made of a defence or answer, though of such a character as that, under statute of the State, it becomes, by a discontinuance of the original suit itself, a proceeding that may go on to trial and judgment, as if, in some sense, an original suit.

ERROR to the Circuit Court for Indiana.

The twelfth section of the Judiciary Act provides:

"That if a suit be commenced in any State court against an alien, or by a citizen of the State in which the suit is brought, against a citizen of another State, .... and the defendant shall, *at the time of entering his appearance,* file his petition for the removal of the cause for trial in the next Circuit Court, .... and

offer good and sufficient surety for his entering appearance in such State court, on the first day of its session, and file copies of said process against him, . . . it shall be the duty of the State court to accept the surety and proceed no further in the cause, . . . and such copies being entered as aforesaid in such court of the United States, the cause shall proceed there in the same manner as if it had been brought by original process."

The code of Indiana also provides that in suits brought in that State—

"The defendant may set forth in his answer as many grounds of defence, counter-claim, and set-off, whether legal or equitable, as he shall have.  Each shall be distinctly stated in a separate paragraph, and numbered, and clearly refer to the cause of action intended to be answered."

With these statutory provisions in existence, West and Torrance, citizens of Ohio, brought suit in one of the State courts of Indiana against the City of Aurora, Indiana.  The nature of their action did not clearly appear from the record, but it seemed to have been a suit, by petition, under the State code, against the city just named, for the recovery of the amount of the matured interest coupons of certain bonds.

To this suit the defendants seemed to have made defences by answer under the code, and subsequently to have filed, by leave of the court, as an additional answer, three paragraphs setting up new defensive matter, in each of which the defendant prayed an injunction to restrain the plaintiffs from further proceeding in any suit on the coupons or bonds, and from transferring them to any third parties, and for a decree that the bonds be delivered up to be cancelled.

Upon the filing of these additional paragraphs the plaintiffs entered a discontinuance of their suit, and, assuming that under the code the new paragraphs of the answer would remain, in substance, a new suit against them for the cause and object set forth in them, filed their petition for the removal of the cause into the Circuit Court of the United States.  The petition was allowed by the State court, and the new paragraphs, without any other portion of the record

of the suit in that court, except enough to show its title and the entry of discontinuance, were sent into the Circuit Court. By that court they were remanded to the State court as not constituting a suit that could be removed under the twelfth section of the Judicial Act.

To this action of the Circuit Court, West and Torrance took exceptions, and the case was now here on error; the question being whether the action of the Circuit Court was right.

*Mr. T. G. Mitchell, for the plaintiff in error*, argued that the " additional paragraphs" constituted under the Indiana code a counter-claim; and that notwithstanding the discontinuance of West and Torrance of *their* action, and the consequent withdrawal of the issues tendered by them, they could not discontinue the " counter-claim " presented in the additional paragraphs by the other side. These made a cross-action by the defendants against the plaintiffs; one but incidental to the original action, so long as that original action was in course of existence and progress, but independent of it, as soon as it was withdrawn, and so destroyed. Hence the removal to the Federal court was proper and the remand error.

*Mr. T. D. Lincoln, contra.*

The CHIEF JUSTICE delivered the opinion of the court. We think that the Circuit Court was clearly right in its action. The filing of the additional paragraphs did not make a new suit within the meaning of the Judicial Act. They were in the nature of defensive pleas, coupled with a prayer for injunction and general relief. This, if allowed by the code of Indiana, might give them, in some sense, the character of an original suit, but not such as could be removed from the jurisdiction of the State court. The right of removal is given only to a defendant who has not submitted himself to that jurisdiction; not to an original plaintiff in a State court who, by resorting to that jurisdiction, has become liable under the State laws to a cross-action.

And it is given only to a defendant who promptly avails himself of the right at the time of appearance, by declining to plead and filing his petition for removal.

In the case before us, West and Torrance, citizens of Ohio, voluntarily resorted, as plaintiffs, to the State court of Indiana. They were bound to know of what rights the defendants to their suit might avail themselves under the code. Submitting themselves to the jurisdiction they submitted themselves to it in its whole extent. The filing of the new paragraphs, therefore, could not make them defendants to a suit, removable on their application to the Circuit Court of the United States.

It is equally fatal to the supposed right of removal that the record presents only a fragment of a cause, unintelligible except by reference to other matters not sent up from the State court and through explanations of counsel.

A suit removable from a State court must be a suit regularly commenced by a citizen of the State in which the suit is brought, by process served upon a defendant who is a citizen of another State, and who, if he does not elect to remove, is bound to submit to the jurisdiction of the State court.

This is not such a suit, and the order of the Circuit Court remanding the cause to the State court must therefore be

AFFIRMED.