## WALCOTT *v.* WATSON *et al.*

*(Circuit Court, D. Nevada.* June 1, 1891.)

**1. REMOVAL OF CAUSES—"LOCAL PREJUDICE"—COUNTER-CLAIM.**

A non-resident plaintiff, suing in the state court, against whom a counter-claim is brought, becomes thereby a "defendant," within the provision of the removal act of congress (25 U. S. St. 435) that in a controversy between citizens of the state where the suit is brought and citizens of another state any defendant, being such citizen of another state, may remove the suit into the United States circuit court on the ground of prejudice and local influence, and the case is removable on his petition.

**2. SAME—EVIDENCE OF PREJUDICE.**

Though the existence of prejudice and local influence must be made to appear in such a way that the court will be legally satisfied of the truth of the allegation, yet, where the affidavits in support of the petition state the facts upon which affiants' belief is founded, and, when considered in connection with opposing affidavits, show that there did exist such "prejudice and local influence" as would prevent petitioner from obtaining justice in the state court, the order of removal should be granted.

At Law. On demurrer to the jurisdiction.

*A. C. Ellis,* for plaintiff.

*Thomas Wren,* for defendants.

HAWLEY, J. This suit was originally brought in the state district court in December, 1889, by the plaintiff, a citizen of the state of California, against the defendants, citizens of the state of Nevada, to recover an undivided one-half interest in certain property situate in White Pine county, and for an accounting, etc. The defendant A. R. Watson, on the 9th of February, 1890, filed an answer denying the material allegations of the complaint, and alleging that the claims of plaintiff were "without right, and fraudulent, except her claim to one-half interest in the claims known as 'copper claims.'" For further answer, by way of cross-complaint, and as a counter-claim to plaintiff's cause of action, the defendant alleges the existence of an agreement between the parties plaintiff and defendant relative to the "copper claims," and a breach thereof on the part of the plaintiff, and claims damages therefor in the sum of $40,000. On the 2d of March, 1890, the plaintiff filed a petition, with the requisite bond, in the district court of the state where the suit was commenced, for the removal of the cause to the United States circuit court. The district judge held that the petition was not filed in time, and set the case for trial. Subsequently, proceedings were instituted in the supreme court of Nevada for a writ of prohibition to prohibit the trial of the cause in the state court. This writ was denied. *Walcott v. Wells,* 24 Pac. Rep. 367. Thereafter the cause was again set for trial in the state court for the 4th of August, 1890. On the 15th of July, 1890, the plaintiff filed her petition and affidavits in this court to remove the cause from the state court upon the ground of "prejudice and local influence," under the provisions of the act of congress to regulate the removal of causes, 25 U. S. St. 435. Judge KNOWLES of Montana, then presiding as judge of this court, thereupon made an order removing the cause.

v.46F.no.9—34

This order was regularly served upon the district judge and clerk of the state court, and, notwithstanding this order, in utter disregard of said proceedings, and without the presence of Mrs. Walcott or her attorneys, the district judge proceeded to try said cause, and render judgment for defendants. After the removal of the cause to this court a reformed bill of complaint was filed, to which A. R. Watson in due time interposed a demurrer, contesting the jurisdiction of this court. Several preliminary motions have been made by the respective parties touching the sufficiency of the record. The various motions, the demurrer to the complaint, and a motion to remand were argued and submitted by consent of the court at the same time.

The important question concerning the validity of the removal of this case is whether or not the plaintiff can, by reason of the counter-claim set up in the answer, be treated as a "defendant," within the spirit, intent, and meaning of the act of congress before referred to, which reads as follows:

"And where a suit is now pending, or may be hereafter brought, in any state court in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence to remove said cause."

In *Carson* v. *Holtzclaw*, 39 Fed. Rep. 578, it was held that a non-resident plaintiff, suing in the state court, against whom a counter-claim is brought, is a "defendant," within the provisions of said act. It was upon the authority of that case that Judge KNOWLES made the order of removal in this case. *Clarkson* v. *Manson*, 4 Fed. Rep. 260, is also an authority in favor of the removal. The presiding judge having acted, and his action being supported by respectable authority, it is questionable, to say the least, whether his ruling should be interfered with at this time, even if the present judge doubted its correctness. But my opinion is, notwithstanding the decision of the supreme court of the United States in *West* v. *City of Aurora*, 6 Wall. 141, upon which defendant's counsel rely to support their motion to remand the case, that his ruling was correct. The counter-claim set up in the answer is a cause of action in favor of the defendant, upon which he might have sued the plaintiff, and obtained affirmative relief. By filing the counter-claim to the plaintiff's action the defendant becomes an affirmative actor. The counter-claim creates a controversy in which the attitude of the respective parties is changed. When the plaintiff brought this suit, she chose the forum of the state court to litigate the matters presented by her complaint. When the defendant filed his answer it presented a new and independent issue, and was not wholly in the nature of a defensive plea, as in *West* v. *City of Aurora*. Moreover, the facts in that case were dissimilar from the facts of this case, and the statute of this state in rela-

tion to counter-claims is, in some respects, essentially different from the provisions of the Code of Indiana upon which that decision was based. See Gen. St. Nev. § 3068.

2. With regard to the question as to how the prejudice or local influence warranting the removal of a cause of action from the state to the United States court may be "made to appear," the authorities are by no means uniform. The present state of the authorities leaves it optional for each judge to pursue any course which to his mind may be deemed proper. It has been decided in several cases that a defendant can remove a cause by filing an affidavit that he has reason to believe that from prejudice and local influence he will not be able to obtain justice in the state courts, and that his affidavit, if deemed sufficient to authorize the court to act, cannot be traversed or contradicted by the opposite party. *Neale* v. *Foster*, 31 Fed. Rep. 53; *Fisk* v. *Henarie*, 32 Fed. Rep. 417, 35 Fed. Rep. 230; *Hills* v. *Railroad Co.*, 33 Fed. Rep. 81; *Whelan* v. *Railroad Co.*, 35 Fed. Rep. 849; *Huskins* v. *Railway Co.*, 37 Fed. Rep. 504; *Cooper* v. *Railroad Co.*, 42 Fed. Rep. 697; *Brodhead* v. *Shoemaker*, 44 Fed. Rep. 518. In others it is held that the defendant must state in his affidavits the facts which show the existence of the prejudice and local influence, and that the opposite party is entitled to a hearing. *Short* v. *Railroad Co.*, 33 Fed. Rep. 114, and 34 Fed. Rep. 225; *Malone* v. *Railroad Co.*, 35 Fed. Rep. 625; *Southworth* v. *Reid*, 36 Fed. Rep. 451; *Dennison* v. *Brown*, 38 Fed. Rep. 535; *Amy* v. *Manning*, Id. 536, 868; *Goldworthy* v. *Railroad Co.*, Id. 769. The supreme court of the United States, in *Re Pennsylvania Co.*, 137 U. S. 457, 11 Sup. Ct. Rep. 143, in referring to this question said:

"Our opinion is that the circuit court must be legally (not merely morally) satisfied of the truth of the allegation that, from prejudice or local influence, the defendant will not be able to obtain justice in the state court. Legal satisfaction requires some proof suitable to the nature of the case; at least, an affidavit of a credible person, and a statement of facts in such affidavit which sufficiently evince the truth of the allegation. The amount and manner of proof required in each case must be left to the discretion of the court itself. A perfunctory showing by a formal affidavit of mere belief will not be sufficient. If the petition for removal states the facts upon which the allegation is founded, and that petition be verified by affidavit of a person or persons in whom the court has confidence, this may be regarded as *prima facie* proof sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered."

It will also be noticed, by an examination of the authorities which declare that it is the duty of the court to allow the opposite party to be heard, that there is no uniformity in the decisions as to the proper procedure in such cases; some holding that the objection to the removal of the cause can only be made, like other dilatory pleas, by a plea in abatement, some that notice of removal ought to be given to the opposite party before the order of removal is made, and others that it may be made by a motion to remand after the cause has been removed. Owing to the conflicting opinions in the circuit courts, and, inasmuch as the statute does not, in direct terms, prescribe how the fact of prejudice or local in-

fluence shall be made to appear, it suggests the propriety of the supreme court of the United States, or the circuit court of appeals, formulating some definite rule of court upon the subject, in order to secure a uniform course of procedure in such cases. Under the peculiar facts of this case, I do not feel called upon to determine what particular rule ought to be prescribed or followed. It is enough to say that, under any of the methods adopted by the various judges who have discussed the question, the removal of this cause must be sustained. The affidavits filed on behalf of petitioner state the facts upon which affiants' belief is founded. If these affidavits could not be questioned or contradicted, then the action of Judge KNOWLES was final. If the opposing party is entitled to be heard only by a plea in abatement, then the answer is that no such plea was filed within the proper time, (Fost. Fed. Pr. §§ 135, 136, 139,) and the question ought not to be considered. But if the question can properly be brought up on motion, then, upon the merits, my opinion is that the facts presented by the record and affidavits filed by the respective parties clearly show that at the time the order of removal was made it is "made to appear" that there did exist in White Pine county, where the cause was then set for trial, such prejudice and local influence as would have prevented Mrs. Walcott from obtaining "justice in such state court."

The only question upon this branch of the case which I deem necessary to notice is whether or not it is sufficiently "made to appear" that from prejudice or local influence the petitioner, at the time the order of removal to this court was made, might not have been able to obtain justice in "any other state court" to which she had, under the laws of the state of Nevada, the right to remove said cause. The affidavits show the existence of the same state of facts, as to the prejudice and local influence of the community in the counties adjoining White Pine county, as is alleged to exist in that county. With reference to the state court in the other counties of the state, it must be borne in mind that all the counties in the state of Nevada are in the same judicial district; that the district judges possess "equal, co-extensive, and concurrent jurisdiction;" and that each judge has the power to hold court in any county of this state. St. Nev. 1885, p. 60; State v. Atherton, 19 Nev. 332, 10 Pac. Rep. 901; Walcott v. Wells, supra. The existence of prejudice and local influence on the part of the district judge is relied upon, as well as the prejudice and local influence of the community. The fact that the same judge who tried this case after the order of removal was made to this court was authorized to hold court in any county of the state, and might have presided at the trial if this cause had been removed to any other county in the state, is, under the facts presented in this case, of itself, sufficient upon this point to justify the order of removal to this court. When the order of removal was served upon the clerk and district judge, it was the duty of the state court to have refrained from further action in the case. If the opposing party considered that the order was improvidently or erroneously made by this court, they should have taken the proper steps in this court to have the cause re-

manded. Then, if it was remanded, a fair and impartial trial might have been had in the state court. By pursuing this course, the comity of the respective courts, national and state, would be maintained, the rights of both parties preserved, and the ends of justice secured. Counsel for petitioner had the right to rely upon this course being taken by the state court. If this cause was now remanded, the right of Mrs. Watson to a fair and impartial trial would be placed in jeopardy by the prejudicial and anomalous action of the state court in proceeding to try the case after it had been removed to this court.

The views expressed and conclusions reached render it unnecessary to further consider the various motions submitted by the respective counsel. The demurrer is overruled, and the motion to remand denied.