HAGERLA v. MISSISSIPPI RIVER POWER CO.

(District Court, S. D. Iowa, E. D. April 19, 1912.)

No. 277.

REMOVAL OF CAUSES (§ 44*)—PARTY ENTITLED TO REMOVE AS DEFENDANT—CONDEMNATION PROCEEDINGS—EFFECT OF CROSS-BILL.

　　While, on an appeal by a landowner from the award of a sheriff's jury in condemnation proceedings, under the Iowa statute, the landowner is the defendant for removal purposes, the filing by such landowner in the state court of a pleading which is in effect a cross-bill in equity, alleging that the adverse party is a private corporation, without power to maintain the proceedings, and praying for an injunction, makes such corporation the defendant as to the issues raised by such pleading and entitles it to remove the cause, where grounds for removal exist and the requisite amount is involved.

　　[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 88; Dec. Dig. § 44.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by Albert Hagerla against the Mississippi River Power Company. On motion to remand to state court. Motion denied. See, also, 202 Fed. 776.

Hughes & McCoid, of Keokuk, Iowa, for complainant.

W. E. Blake, of Burlington, Iowa, and Geo. B. Stewart, of Ft. Madison, Iowa, for defendant.

SMITH McPHERSON, District Judge. The Power Company, a corporation under the laws of Maine, is constructing a dam across the Mississippi river between Keokuk, Iowa, and Hamilton, Ill., for the purpose of generating electricity to sell for power and light; and in conjunction therewith is erecting a lock to lift boats to such a height as to pass over the rapids of the river, and is constructing a dry dock. The river, both in fact and in law, is a navigable stream. The improvement was authorized by congressional enactment, approved February 9, 1905, and is to be built under the supervision of the Secretary of War.

Hagerla owns land in Lee county, Iowa, which will be submerged by the backwater occasioned by the erection of the dam, lock, and dock. That is a taking of property within the meaning of the Constitutions, state and national. United States v. Lynah, 188 U. S. 445, 23 Sup. Ct. 349, 47 L. Ed. 539. The parties not being able to agree, the Power Company applied to the sheriff of the county for the appointment of six freeholders to appraise the damages that Hagerla will sustain. Commissioners were appointed by the sheriff, who, upon due notice to Hagerla, appraised the damages at the sum of $7,816.60.

Within the statutory time Hagerla appealed to the district court of the county. The appeal was by written notice directed to and served on both the sheriff and the Power Company, and the notice is one of much detail, reciting all that had been done in the matter, both by the Power Company and the sheriff's jury, describing the land, and the award. Thereupon the case was docketed in the district court of the county. Hagerla then filed a pleading in two paragraphs. The first paragraph is not designated by name, but recites the appraisement, and that the damages sustained by Hagerla are $20,000. The second paragraph is as follows:

"(2) This plaintiff by way of cross-petition and for affirmative relief alleges."

Then follow recitals to the effect that the Power Company is a naked trespasser on the bed of the river, the lands of the state of Iowa, erecting a cofferdam; that it is a mere private corporation for profit, impeding navigation, beyond legal control, and is a continuing trespasser. The paragraph concludes in this language:

"And this plaintiff therefore prays that the defendant be enjoined and restrained from taking and appropriating the property of this plaintiff for its said illegal use and unwarranted purposes, and that said injunction be made permanent and perpetual, and that this plaintiff have all such other and further relief as in equity and good conscience he is entitled."

Thereupon the Power Company filed its petition and bond for removal to this court.

The state court ordered the removal.

A motion by Hagerla to remand is now for decision.

There are some matters relating to removals, not longer subject to debate.

Under the Act of March 3, 1887, c. 373, 24 Stat. 554, and (Act Aug. 13, 1888, c. 866, 25 Stat. 436 [U. S. Comp. St. 1901, p. 582]), and the present Judiciary Act (Act March 3, 1911, c. 231, § 28, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 140]), whether by reason of a diversity of citizenship, or by reason of a federal question, no one but a defendant can obtain a removal.

Another proposition equally clear is that in a mere naked proceeding to appropriate land and ascertain the indemnity, under eminent domain proceedings, the landowner is the defendant and the corporation is the plaintiff. Railroad v. Boynton, 204 U. S. 570, 27 Sup. Ct. 321, 51 L. Ed. 629.

The designation by the Iowa statute of the landowner as plaintiff, and the corporation as defendant, is without effect as to removal proceedings, and the self-designation by the parties to the record is of no importance. And it is equally clear that such a proceeding is an action of a civil nature, and in this case the requisite amount is involved.

That there is no other phase of American jurisprudence with so many refinements and subtleties, as relate to removal proceedings, is known by all who have to deal with them.

Those who doubt this statement should but read my opinion in Kirby v. Railroad (C. C.) 106 Fed. 551, followed on the same record in Myers v. Railroad, 118 Iowa, 312, 91 N. W. 1076, citing my decision with approval. Then there is my decision in the Boynton Case, in which I reversed my own decision in the Kirby Case, and then the affirmation of my Boynton decision (204 U. S. 571, 27 Sup. Ct. 321, 51 L. Ed. 629). Then turn to the Wisner Case, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, followed by the criticism and partial overruling in Re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164, and in Re Winn, 213 U. S. 458, 29 Sup. Ct. 515, 53 L. Ed. 873, and then see Ex parte Harding, 219 U. S. 363, 31 Sup. Ct. 324, 55 L. Ed. 252, 37 L. R. A. (N. S.) 392, overruling the Wisner and Winn Cases.

I call attention to those cases, not by way of criticism, but to show the late decisions, and to show the vexing questions judges on the circuit have had to consider.

Here is a case which presents removal questions relating both to diversity of citizenship, and federal questions. Both of such questions are presented by the pleading filed by Hagerla and the removal petition filed by the Power Company. The latter specifically recites federal questions, and the pleading of Hagerla recites facts, coupled with facts of which the court takes judicial notice, such as the navigability of the river, and the ownership of the bed of the river, and the supervision and control over the same by the general government, which present federal questions equally clear. So that, both phases are kept in mind as I reach a conclusion.

And another proposition must not be overlooked. Under the Iowa practice acts, both legal and equitable defenses can be pleaded; even

contradictory defenses can be pleaded. But the United States procedure forbids such a practice.

As a defendant only can remove a case, the question here is as to whether Hagerla or the Power Company is the real defendant. That Hagerla is the defendant as to the taking of his property in the proceedings at law, and the assessment of his damages, is not longer questioned, by reason of the Boynton Case. But this is not all of the case. He says in effect that the building of the lock and dry dock are but incidents to the building of the dam, and that the dam is an enterprise of a private nature for private gain. That is a question of fact coupled with matters judicially noticed. But it is not a question for a jury. It is a question to be heard either in certiorari or quo warranto, of doubtful efficiency. But even with such proceedings there would have to be an auxiliary writ of injunction to protect Hagerla, if in the right. His counsel recognize this by a distinct prayer for the writ, coupled with another prayer for general equitable relief. And Hagerla's counsel emphasize this, after first suggesting a withdrawal of the prayer, they reinstate it and keep it of record. This is a matter of very great importance. If sustained, neither the dam, nor lock, nor dry dock can be completed, and if completed must be abated by destruction, and millions of dollars lost, and one of the great enterprises of all history abandoned; and all this because of the contention as to a difference as to damages, whether Hagerla shall be paid $7,816.-60 or $20,000, or some intermediate sum. A court of equity can issue the injunction as prayed; it can order the full sum deposited in the registry of the court; it can order the full sum of $20,000 paid over to Hagerla with a bond back to refund; or it can order the Power Company to give a bond for the full payment when ascertained. And as conditions change, a court of equity can take hold of and control the situation to the full protection of both parties. This is so because of the general principles of equity recognized by section 723 of the Revised Statutes (U. S. Comp. St. 1901, p. 583), by reason of the fact that there is not at law a plain, adequate, and complete remedy. And these matters cannot be grasped other than by a bill or cross-bill in equity, to which the other party can both answer and file a cross-bill. And that is precisely what Hagerla's counsel conceded when they filed this pleading to which they gave no name. It is a bill in equity, both as to phrasing and in substance and effect. And by filing it Hagerla made himself a complainant in a bill in equity, and thereby challenged the Power Company to contend against it, by reason of which it is a defendant.

And such a defendant has the right of removal.

West v. Aurora, 6 Wall. 139, 18 L. Ed. 819, is relied on to defeat a removal. That case arose under the Judiciary Act of Sept. 24, 1789, c. 20, 1 Stat. 73. The record does not clearly appear. But it does appear that an answer only was filed, attended, however, with a prayer for injunctive relief, and it was held that the case was not removable by the plaintiffs who brought the action. This was so held because, when the plaintiffs dismissed their original pleading, then nothing was left for decision other than the defensive pleas. To make that case

in point, Hagerla would have to first dismiss his case, viz., his appeal, from the award, which he does not purpose doing.

The following cases sustain the proposition that the Power Company has the right of removal: Clarkson v. Manson (C. C.) 4 Fed. 257, by Blatchford, Judge; Carson & Rand Lbr. Co. v. Holtzclaw (C. C.) 39 Fed. 578, by Thayer, Judge; Walcott v. Watson (C. C.) 46 Fed. 529, by Hawley, Judge; Price v. Ellis (C. C.) 129 Fed. 482, by Trieber, Judge. And that the party bringing the case becomes a defendant to a cross-bill, see Kirby v. American Co., 194 U. S. 141, 24 Sup. Ct. 619, 48 L. Ed. 911. Such has been the uniform practice in so far as my experience and observation has extended. In some jurisdictions within this circuit the uniform practice is to separately docket the cross-bill, making the party filing it appear as complainant.

My holdings are:

1. This is an action of a civil nature, and presents matters in value, both in the law action, and by paragraph 2 of Hagerla's pleading, in excess of $3,000.

2. It is a controversy between citizens of Iowa and Maine, and also presents federal questions.

3. That as the case stood when the record made by the sheriff and appraisers were filed in the state court, the case, and it was then first made a case, was not removable.

4. When Hagerla filed paragraph 2 of his pleading, he filed in effect a cross-petition in equity, which in this court is in effect a bill in equity in which Hagerla is complainant, and the Power Company is the defendant.

5. The Power Company is a nonresident and noncitizen of Iowa, and has the right of removal.

6. By reason of the removal of the cross-bill, the entire case is now in this court.

7. The Power Company must plead to the cross-bill by way of cross-bill, answer, or other plea. But I hold that the landowner Hagerla is entitled to a jury trial on the question of the amount of his damages.

8. And I hold that neither by certiorari, quo warranto, nor by proceedings instituted before the sheriff, can the power to take the land be determined. The only plain, adequate, and complete remedy is by proceedings in equity.

This court will retain jurisdiction over the parties and the entire subject-matter for further proceedings, and the motion to remand is overruled.