## PIERCE v. DESMOND.

(District Court, D. Minnesota, Third Division. March 1, 1926.)

1. **Removal of causes** ⊜⟿107(4)—**Motion to remand decided by preponderance of facts, law and reasons conditioning them, not by doubts as to propriety of removal.**

Motion to remand should be decided, not by existence of doubts as to propriety of removal, but by preponderance of facts, the law and reasons conditioning them, though order to remand cannot be reviewed.

2. **Removal of causes** ⊜⟿11, 44—**Nonresident plaintiff entitled to removal on filing of counterclaims for more than jurisdictional amount (Act March 3, 1887, amended by Act Aug. 13, 1888, Judicial Code, § 28 [Comp. St. § 1010]).**

Under Act March 3, 1887, as amended by Act Aug. 13, 1888, Judicial Code, § 28 (Comp. St. § 1010), nonresident plaintiff, compelled to sue in state court for less than $3,000, was entitled to removal to federal court on filing of counterclaims for more than such amount.

At Law. Action by Henry Clay Pierce against M. T. Desmond, who pleaded counterclaims. On defendant's motion to remand to state court after removal therefrom on plaintiff's petition. Motion denied.

Davis, Severance & Morgan, of St. Paul, Minn., for plaintiff.

Oscar Hallam, of St. Paul, Minn., for defendant.

MOLYNEAUX, District Judge. This is a motion to remand, the action being removed from the Ramsey county district court of Minnesota, on the petition of the plaintiff. He sued the defendant, to recover the balance of $353.14, owing him, on two judgments, recovered in actions brought in Wisconsin. The defendant admitted liability on the plaintiff's claims, and pleaded counterclaims for damages, aggregating $10,500, exclusive of cost and interest.

The plaintiff is a citizen and resident of New York, and the defendant of Minnesota, and they were so at the time of the commencement of this action. It will be noted that the plaintiff could not have sued the defendant on his two causes of action in the United States courts, and was compelled, if he sued at all, to sue in the state court. It will also be noted that, if Miss Desmond, record titular defendant herein, had sued Mr. Pierce, the titular plaintiff herein, on her two causes of action, in the state of Minnesota, he could have removed the case to the federal court.

The problem presented for the consideration of the court is the sense in which Congress used the word "defendant" in the Removal Act of 1887, which reads as follows:

"Any other suit of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title, and which are now pending or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state." U. S. Comp. Stat. 1916, § 1010; section 28 of the Judicial Code.

This clause was enacted as it now stands by the Act of March 3, 1887, 24 Stat. 552, as amended by the Act of August 13, 1888, 25 Stat. 433, being unaffected by later amendments of the removal statutes.

[1] It is contended by counsel, asking that the case be remanded, that the court should adopt as a principle the statement found in Hansen v. Pacific Coast Asphalt Co. (D. C.) 243 F. 283: "It is the duty of the court to remand, where there is doubt as to whether the case has been properly removed."

That suggestion is effectually answered by Judge Walter H. Sanborn, in Boatmen's Bank v. Fritzlen, 135 F. 650, 68 C. C. A. 288 (C. C. A. 8th Circuit, 1905): "The true rule is that motions to remand and for removal should be decided, not by the existence of doubts, but by the preponderance of the facts, the law, and the reasons which condition them, in view of the fact that the right to invoke the jurisdiction of the Federal Court is a valuable constitutional right, and an erroneous affirmance of the claim to that right may be corrected by the Supreme Court upon a certificate of the question of jurisdiction, while an erroneous denial of the claim is remediless."

Although under the present statute there can be no review of such order to remand entered by a federal court, the argument in

that case still holds good. The problem presented here has been before the District Courts many times, and the decisions are conflicting. No Supreme Court or Circuit Court decisions on the exact questions have been cited, with the possible exception of the case of West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819.

[2] Miss Desmond's counsel contend: First, that the suit is not one that could have been originally brought in the District Court of the United States; second, that the removal was made on the petition of the plaintiff, and that the right of removal is given to the defendant only; third, that the matter in controversy does not exceed, exclusive of interest and costs, the sum or value of $3,000.

The solution of the question depends upon the meaning to be attached to the word "defendant" as used in the statute. In Carson & Rand Lumber Co. v. Holtzclaw (C. C.) 39 F. 578 (E. D. Mo.), Judge Thayer said:

"If by the word 'defendant' we are to understand only the person who is defendant as the parties are arranged when a suit is begun, then this suit is not removable; but if we are at liberty to regard a nonresident plaintiff suing in the state court, and against whom a demand is preferred in the form of a counterclaim, as a defendant, within the meaning of the statute, then the cause is removable, * * * I am strongly inclined to the opinion that the latter view is permissible, and that it ought to be adopted. * * * A counterclaim certainly creates a controversy in which the original plaintiff occupies the attitude of a defendant. It is in reality a cross-action, which often involves an inquiry into transactions wholly distinct from those which furnish the basis of the original suit, and in such cross-action a judgment may be rendered against the original plaintiff to any amount. It frequently occurs in practice that the entire controversy turns on the counterclaim, the original cause of action stated in the petition being practically confessed. The right to plead matters by way of counterclaim has been so much enlarged by the Code of Procedure now in force in many states that it will often happen, as in this case, that a nonresident plaintiff, forced to sue in a state court for a small amount, that is perhaps, undisputed, will find himself confronted by a large demand in the shape of a counterclaim that he would have been entitled to remove to the federal court had the plaintiff in the counterclaim been the first to sue. By the language employed in the statute, Congress, I think, intended to secure to

the nonresident the right of removal in such cases. * * * Unless this view is adopted, it will deprive nonresidents of their right to choose the tribunal in which to have their rights determined, in a very large class of cases. The motion to strike the petition for removal from the files will accordingly be overruled."

In Price & Hart v. T. J. Ellis & Co., 129 F. 482 (C. C. E. D. Ark.), Judge Trieber states the argument as follows:

"While, under the laws of this state, a defendant is not compelled to set up his counterclaim in that action, but may maintain a separate suit thereon, he has the right to do so, and, as determined by the highest court of the state, it thereupon becomes 'in every respect a cross-action, with the parties reversed.' There is no reason why a nonresident thus involuntarily made a party defendant in an action in which judgment for more than $2,000, exclusive of interest and costs, is demanded and can be rendered against him should be deprived of his right to remove the cause to a national tribunal, if he so elects. It is true, he selected the state court as the forum in which to litigate his cause of action when he instituted the suit originally, but, as his claim for which he instituted that suit did not exceed in value the sum of $2,000, exclusive of interests and costs, he had no choice in the selection of the forum, for that was the only court which had jurisdiction of the subject-matter. It was the filing of the counterclaim alone which gave him the right of election, and, if he avails himself of this privilege within the time prescribed by the statute, 'at or before the time he is required by the laws of the state or the rules of the court to answer or plead,' which can only be done after the filing of the counterclaim, and which must be done 'on or before the calling of the cause for trial' * * * I can conceive of no substantial reason why he should not be entitled to remove the same. * * *

"Had the defendants instituted an original action against the plaintiffs on their counterclaim, the cause would clearly have been removable, and it was the filing of the counterclaim, although a suit was then pending between the parties, which brought the cause within the terms of the statutes regulating removals of causes from the state to the national courts. The petition for removal in this case was filed by the plaintiffs, who became defendants in the cross-action, and were nonresidents of this state, as soon as the facts necessary to confer jurisdiction on this court were made a part of the record, and within

the time they were required by the laws of this state to file a reply, and this was the first opportunity they had to elect one of the two forums in which to try their case. Before that time no right of election existed, and, of course, they could exercise none. The motion to remand is overruled."

The decisions in this circuit are to the effect that such a case is removable, and I am constrained to follow them, both on reason and authority. Carson & Rand Lumber Co. v. Holtzclaw, 39 F. 578 (C. C. E. D. Mo.); Walcott v. Watson, 46 F. 529 (C. C. D. Nev.); Price & Hart v. T. J. Ellis & Co., 129 F. 482 (C. C. E. D. Ark.); Hagerla v. Miss. River Power Co., 202 F. 771 (D. C. S. D. Iowa); Chicago, M. & St. P. Ry. Co. v. City of Spencer, Iowa, 283 F. 824 (D. C. N. D. Iowa); Consolidated Textile Corp. v. Iserson, 294 F. 289 (D. C. S. D. N. Y.); Clarkson v. Manson, 4 F. 257 (C. C. S. D. N. Y.); Bennett v. Devine, 45 F. 705 (C. C. S. D. Iowa); Hansen v. Pacific Coast Asphalt Cement Co., 243 F. 283 (D. C. S. D. Cal.).

I think the case of West v. Aurora City, 6 Wall. 139, 18 L. Ed. 819, is distinguishable from the present case. There the defendant pleaded defensive pleas, coupled with a prayer for an injunction. The answer in that case amounted to a defense against the action brought by the plaintiff. The action brought by the plaintiff was the real basis of the suit. The court in that case remarked: "This, if allowed by the Code of Indiana, might give them, in some sense, the character of an original suit, but not such as could be removed from the jurisdiction of the state court.

I therefore hold that the case is removable, and it is ordered that the motion to remand be and the same is hereby denied.