**HOYT et al. v. SEARS, ROEBUCK & CO.**

No. 10058.

Circuit Court of Appeals, Ninth Circuit.

Sept. 12, 1942.

Kenneth J. Murphy, of Los Angeles, Cal., for appellants.

Parker & Stanbury, Harry D. Parker, Raymond G. Stanbury, and Vernon W. Hunt, all of Los Angeles, Cal., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

The plaintiff, Sears Roebuck and Co., a New York corporation, commenced an action in the California State court, seeking to recover from the defendants, both California residents, the sum of $6,150 which the plaintiff had been compelled to pay to the widow and minor child of a former employee of the plaintiff, by reason of a death benefit award made by the Industrial Accident Commission of the State of California. The complaint alleged that the employee's death was caused by the negligence of the defendant Lillian M. Hoyt in the operation of an automobile owned by the defendant Ezra S. Hoyt, Jr.

The defendants filed an answer and a cross-complaint in the State court action, alleging that the accident was caused by the negligence of the plaintiff's employee and praying damages.

Thereafter the plaintiff filed a petition for removal of the cause to the United States District Court, and a bond for removal. The State court thereupon made an order removing the cause. No motion

for remand was made by the defendants. Trial was had in the United States District Court, and judgment was rendered in favor of the plaintiff-appellee. The present appeal followed.

As one of their points on appeal, appellants question the jurisdiction of the District Court. They rely on Shamrock Oil and Gas Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214, in which the Supreme Court held that the filing by the defendant in a suit in a State court of a counterclaim setting up an independent cause of action does not confer upon the plaintiff the right of removal. Appellee, however, urges that the cited case is inapplicable for the reason that in the instant case no objection to the removal or motion to remand the cause was made by the defendants. The argument is that the error in the removal proceedings was not jurisdictional and was waived by the defendants by their acquiescence in the removal.

But we are of the opinion and therefore hold that the Shamrock case, supra, is controlling and compels a reversal of the cause. While it is true that the question of whether or not there could be a waiver of the irregularity in removal was not directly before the Supreme Court, the Court's language clearly indicates that it considered the regularity of the proceedings in this respect as going to the jurisdiction of the District Court.

We quote at pages 105, 106 of 313 U. S., at page 871 of 61 S.Ct., 85 L.Ed. 1214: "* * * In West v. Aurora City, 6 Wall. 139, 18 L.Ed. 819, this Court held that removal of a cause from a state to a federal court could be effected under § 12 [28 U.S.C.A. § 71 note] only by a defendant against whom the suit is brought by process served upon him. Consequently a non-citizen plaintiff in the state court, against whom the citizen-defendant had asserted in the suit a claim by way of counterclaim which, under state law, had the character of an original suit, was not entitled to remove the cause. The Court ruled that the plaintiff, having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction."

After calling attention to the case of West v. Aurora City in the foregoing language, the Supreme Court traces the history of the removal statute and concludes that Congress in enacting the present statute of 1887, 24 Stat. 552, 28 U.S.C.A. § 71 note, did not intend to change the rule as previously laid down. We quote further from the Court's opinion in the Shamrock case at page 108 of 313 U.S., at page 872 of 61 S.Ct., 85 L.Ed. 1214: "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' * * *.'"

Reversed with instructions to remand to the State court.