**The SOUTHLAND CORPORATION, a corporation, et al., Plaintiffs,**

v.

**Montgomery T. ESTRIDGE et al., Defendants.**

**Civ. No. 77–4734–WMB.**

United States District Court, C. D. California.

Aug. 14, 1978.

Steven D. Wiener, Los Angeles, Cal., for plaintiffs.

Michael W. Samuels, Encino, Cal., for defendants.

## MEMORANDUM OPINION

WM. MATTHEW BYRNE, Jr., District Judge.

Plaintiff, Southland Corporation, a Texas corporation, is the franchisor of a chain of food stores. On March 28, 1977, plaintiff sued defendant, Montgomery Estridge, a franchisee, in the California Superior Court of Los Angeles County, alleging that defendant had violated the franchise agreement by failing to maintain a sufficient equity investment in his store. Plaintiff sought appointment of a receiver and possession of the store's merchandise. The state court appointed a receiver.

On March 29, 1977, Southland filed a separate unlawful detainer action against Estridge in Los Angeles Superior Court for possession of the store premises and termination of the agreement and lease therein.

The unlawful detainer action was tried to a jury and resulted in a verdict for Southland, whereupon Southland and Estridge stipulated to an order discharging the receiver appointed in the merchandise possession case, releasing to Southland all merchandise in the receiver's possession, and providing that Estridge might file in the case seeking possession of the merchandise "A Cross-Complaint for himself and on behalf of any purported class which he claims to represent" without filing a motion for leave therefor.

Estridge thereafter filed a class action cross-complaint (counterclaim), on behalf of himself and other franchisees, alleging violations by Southland of the franchise agreement. On December 20, 1977, Southland demanded that defendant submit the claims in the cross-complaint to arbitration, pursuant to Article 35 of the franchise agreement. Defendant did not respond to this demand. On December 21, 1977, plaintiff Southland filed a petition to remove the merchandise possession case to this court.

After the case was removed, defendant Estridge, a California citizen, purported to file in state court an amendment to his cross-complaint. This amendment named

several California citizens as additional defendants. Thereafter, Estridge brought the instant motion to remand, claiming that: (1) removal was improvident since Southland was not the "defendant" in the case; and (2) the amendment to the cross-complaint had destroyed complete diversity between the defendant and all plaintiffs, and thus deprived this court of jurisdiction over the subject matter of the action.

Southland opposes the motion to remand, and in addition has moved for a stay of these proceedings, pending arbitration of the issues raised in the cross-complaint.

The question presented is whether a plaintiff who chooses to bring a federally cognizable action in state court may subsequently remove the action to federal court upon being served with a class action counterclaim.

Section 1441(a) of Title 28, United States Code, authorizes removal only by a "defendant" or "defendants.[1]" In *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105–06, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), the Supreme Court held that identical language in the former removal statute, 28 U.S.C. § 71,[2] excluded removal by a plaintiff-counterdefendant upon the basis of a counter-claim.

Plaintiff concedes that the *Shamrock* holding forecloses removal by a plaintiff-counterdefendant under 28 U.S.C. § 1441(a) but contends that a plaintiff-counterdefendant may remove under 28 U.S.C. § 1441(c).[3] Plaintiff argues that the omission of the term "defendant" in § 1441(c) conclusively indicates that Congress did not intend to limit removal of "separate and independent claim[s] or cause[s] of action" to "defendants," as that term was construed in *Shamrock*. Plaintiff claims that the class action counterclaim constitutes many "separate and independent claim[s] or cause[s] of action which would be removable if sued upon alone," within the meaning of Section 1441(c), and that therefore removal under the section is appropriate in this case.

The question whether a plaintiff may remove upon a counterclaim first arose in *West v. City of Aurora*, 73 U.S. (6 Wall.) 139, 18 L.Ed. 819 (1868). The removal statute in force at that time was 28 U.S.C. § 71, which provided that a "defendant" could remove if he filed a petition for removal upon his first appearance in state court. In *West*, the plaintiff sued the defendant in state court and the defendant counterclaimed. The plaintiff then dismissed his own complaint and sought to remove upon

1. 28 U.S.C. § 1441(a) provides:
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

2. Former 28 U.S.C. § 71 provides in part:
Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State . .

And where a suit is brought in any State court, in which there is a controversy between a citizen of the State, in which the suit is brought and a citizen of another State, any defendant, being such citizen of another State, may remove such suit into the district court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said district court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which the said defendant may, under the laws of the State, have the right, on account of such prejudice or local influence, to remove said cause.

3. 28 U.S.C. § 1441(c) provides:
Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

the counterclaim. The Court held that once the plaintiff had submitted to the jurisdiction of the state court, he was not entitled to remove upon the counterclaim, since under Section 71 the right of removal was confined to defendants who had not yet submitted to state court jurisdiction.

Section 71 was amended in 1875, to provide that "either party" could remove, at any time prior to trial. These changes, of course, temporarily mooted the impact of West.

In 1887, however, Section 71 was revised to again state that only the "defendant or defendants" could remove and that defendants had to petition for removal before pleading in state court. These requirements were still in effect when the Supreme Court in 1941 decided Shamrock Oil & Gas Corp. v. Sheets, supra.

■ In Shamrock, the plaintiff sued on a contract, and the defendant counterclaimed for a "separate and distinct" indebtedness arising from the same contract. The Court reaffirmed its decision in West, holding that the plaintiff could not remove upon the counterclaim. The Court reasoned that Congress' deliberate substitution, in the Act of 1887, of "defendant or defendants" for "either party" was a controlling indication that it meant to renew the pre-1875 "defendant"-only requirement and along with it West's restrictive definition of "defendant." Congress had also reinstated the requirement that the "defendant" file his removal petition before pleading in state court, thus reviving the West teaching that removal is confined to a defendant who hasn't already submitted to the state court's jurisdiction by pleading in state court.[4] The Court concluded that removal statutes should be strictly construed, so as to implement the Congressional policy to limit federal interference with the "rightful independence of state courts."

In 1866, two years prior to the Supreme Court's decision in West, Congress passed the Separable Controversy Act, which was the antecedent of 28 U.S.C. § 1441(c). The Separable Controversy Act amended 28 U.S.C. § 71 to provide that controversies wholly between diverse citizens, determinable entirely between themselves, could be separated from unremovable (non-diverse) controversies in the case and be independently removed to federal court. This removal privilege was by its own terms limited to suits generally removable under Section 71.[5]

The catalyst for the adoption of the Separable Controversy Act appears to have been a practice engaged in by certain plaintiffs of joining a co-citizen as a defendant to a state court action against a citizen of another state, thereby destroying complete diversity among all parties and preventing removal to federal court by the non-citizen defendant. See American Fire & Casualty Co. v. Finn, 341 U.S. 6, 9–10, 71 S.Ct. 534, 95 L.Ed. 702 (1951). The Separable Controversy Act limited the utility of this technique by permitting the non-citizen defendant to remove upon a showing that (1) he and the plaintiff were diverse parties and (2) the matter between him and the plaintiff was wholly determinable between themselves, i. e., "separable" from the plaintiff's controversy with the non-diverse party.

■ In 1948, when Congress replaced 28 U.S.C. § 71 with 28 U.S.C. § 1441, it adopted a new formulation of the "separable controversy" concept, to wit, the "separate and independent claim or cause of action" test, which is found in the present Section 1441(c). In American Fire & Casualty v. Finn, supra, the Supreme Court stated that Congress had two purposes in so amending the separable controversy provision: One purpose was to avoid the difficulties inherent in determining what constituted a "separable controversy"; the other was to limit

---

**4.** The present timing rule, 28 U.S.C. § 1446(b) requires that the defendant filed his removal petition before filing any responsive pleadings in state court. Thus, it is still the case that

removal is confined to parties who have not submitted to state court jurisdiction.

**5.** See text of 28 U.S.C. § 71, quoted at n. 2, supra.

removal from state courts by requiring "more complete disassociation between the federally cognizable proceedings and those cognizable in state courts before allowing removal." *Finn, supra,* 341 U.S. at 12, 71 S.Ct. at 539.[6]

Southland contends that Congress' failure to limit Section 1441(c) by its own terms to "defendants" indicates that a plaintiff-counterdefendant to a class action may remove. This contention is without merit when analyzed in light of the holdings and policies expressed in *West, Shamrock, Finn,* the legislative history associated with the passage of Section 1441(c), and textual analysis of 28 U.S.C. § 1441.

In *Shamrock,* the Supreme Court held that Congress' substitution of "defendant" for "either party" should be taken as a deliberate effort to effect a revival of the "defendant"-only requirement. Plaintiffs herein contend, by parity of reasoning, that Congress must have sought to effect a positive change in the existing law by omitting the word defendant from Section 1441(c). In *Shamrock,* however, the Court made reference to legislative history associated with the passage of Section 71 that indicated that Congress intended to prohibit removal by plaintiffs. *See* H.R.Rept.No.1078, 49th Congress, 1st session, p. 1, *reprinted in Shamrock, supra,* 313 U.S. at 106–07, 61 S.Ct. 868. There is no legislative history evincing a contrary intent with regard to the passage of Section 1441(c). In fact, the Reviser's note does not discuss the omission of the word "defendant" at all.[7]

In light of the policy noted in *Shamrock* to limit federal interference with the "rightful independence of state courts," and the holdings in *West* and *Shamrock* that removal should be confined to a party who has not availed himself of the jurisdiction of the state courts, it is difficult to conclude that Congress intended, by silent omission to change existing law to allow removal by plaintiffs.

Further, a textual analysis of Section 1441 belies the assumption that the omission of the word "defendant" in subsection (c) was intended to be dispositive. For example, the first sentence of subsection (b) which provides for removal of federal question cases also does not contain the word "defendant."[8] This omission does not im-

---

**6.** When Congress replaced the separable controversy provision of 28 U.S.C. § 71 with § 1441(c), it removed the requirement that separable controversies could be removed only on the basis of diversity jurisdiction; under Section 1441(c), "separate and independent claim[s] or cause[s] of action" can be removed upon the basis of federal question jurisdiction. *See* Hart & Wechsler, *The Federal Courts in the Federal System,* 1211 (2d ed. 1973). Thus it is no longer possible for a plaintiff to join a non-diverse party to his federal question lawsuit against defendant in state court in order to prevent removal by the defendant; if the defendant can show that the claim against him is "separate and independent," he can remove.

It is not necessary for the court to consider herein the issues that would arise should a plaintiff who has sued a co-citizen on a non-federal claim in state court seek to remove upon a counterclaim that presents a separate and independent federal question. This hypothetical case, in which the plaintiff might argue that he never had the opportunity to choose the federal rather than the state forum, is distinguishable from the case at bar, in which the plaintiff chose between the two forums in the first instance, and now seeks a second bite of the apple.

**7.** The Revisor's Note to Section 1441 does state:

> Subsection (c) permits the removal of a separate cause of action but not of a separable controversy unless it constitutes a separate and independent claim or cause of action within the original jurisdiction of United States District Courts. In this respect it will somewhat decrease the volume of Federal litigation.

If Section 1441(c) was indeed supposed to decrease the volume of federal jurisdiction, is it reasonable to suppose that the Revisor's Note would ignore a lifting by omission of the "defendant" requirement? Would not this change have tended to *increase* the frequency of removals to federal court?

**8.** 28 U.S.C. § 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

ply that Congress intended that plaintiff-counterdefendants may remove all federal question cases, even after first filing suit in a state court.

The express limitation of Section 1441(a) allowing removal only by "defendants" should be deemed to control Section 1441(c). *See* 1A *Moore's Federal Practice* ¶ 0.167[8]. *Cf. Sequoyah Feed & Supply Co., Inc. v. Robinson,* 101 F.Supp. 680 (W.D.Ark.1951); *contra: Coleman v. A & D Machinery Co., Inc.,* 298 F.Supp. 234 (E.D.Cal.1969). Under the provisions of former 28 U.S.C. § 71, the "separable controversy" provision was just so limited. It seems reasonable that Congress, in breaking down the provisions of Section 1441 into subparts, hoped to reduce redundant verbiage and more clearly delineate the various removal provisions, but in no way intended to effect a substantive change in the law regarding removal by counterdefendants.

Southland relies upon the cases which allow third party defendants to remove under § 1441(c) and urges that since a counterclaim like a third party claim may be separate and independent from plaintiff's original class action, that a counterdefendant to such a separate claim should also be able to remove.

 Third Party defendants, like other defendants who have not voluntarily chosen to utilize state court, should be, and are, allowed to remove separate and independent claims. This is no support, however, for the novel contention herein that a plaintiff who also becomes a counterdefendant should have not one, but two chances to pick the forum.

Southland submitted itself to the jurisdiction of a California state court, choosing, at that time, not to bring a diversity action in federal court, and it should not now be permitted to change forums. Surely, in modern practice, a plaintiff should reasonably expect that the defendant may reply with a counterclaim. The plaintiff is free to chose his forum—federal or state—with that expectation in mind.

■ The court concludes that the *Shamrock* rule applies to removal by a class action defendant, and thus that plaintiff's removal under the provisions of 28 U.S.C. § 1441(c) was improvident. The case is therefore remanded to the state court pursuant to 28 U.S.C. § 1447(c).

Since the case is to be remanded, the arbitration issues should be decided in state court. *See Fremont Cake & Meal Co. v. Wilson & Co., Inc.,* 183 F.2d 57 (8th Cir. 1950). Accordingly, this court will not issue a stay of the state court proceedings pending arbitration. *See Commonwealth Edison Co. v. Gulf Oil Corp.,* 541 F.2d 1263 (7th Cir. 1976).