**FORD MOTOR CREDIT COMPANY Plaintiff**

v.

**Michael PEARCE Defendant**

**No. CIV.A. 1:02CV359 M–D.**

United States District Court,
N.D. Mississippi,
Eastern Division.

Sept. 8, 2003.

Charles P. Henley, Henley, Lotterhos & Henley, Jackson, MS, for Ford Motor Credit Company, plaintiff.

Stacy Bo Russell, Bo Russell, PLLC, Tupelo, MS, for Michael Pearce, defendant.

### MEMORANDUM OPINION

MILLS, District Judge.

This matter comes before the court on defendant Michael Pearce's motion to re-

mand [5–1] and plaintiff Ford Motor Credit Company's motion to sever [3–1].

### FACTS

On September 20, 2000, Michael Pearce of Belmont, Mississippi ("Belmont Pearce") purchased a Kia Sportage from Iuka Ford Company, Inc. He entered into a motor vehicle installment contract with Iuka Ford whereby he agreed to pay $21,479.60 for the vehicle including interest and miscellaneous charges. Belmont Pearce defaulted in the amount of $5,704.69. Consequently, the contract was assigned to Ford Motor Credit Company ("Ford") and it initiated a lawsuit against Belmont Pearce in the Circuit Court of Tishomingo County, Mississippi.

Ford mistakenly served Michael Pearce of Mantachie, Mississippi ("Mantachie Pearce") with process. His wife subsequently notified Ford that her husband was not the Michael Pearce it sued as he had not made a purchase from Iuka Ford and had a different social security number than the Belmont Pearce. Pat Henley, attorney for Ford, confirmed that Belmont Pearce, not Mantachie Pearce should have been served and advised Mantachie Pearce to disregard the summons and complaint. At Pat Henley's request an alias summons was delivered to a private process server. The private process server again inadvertently delivered the summons and complaint to Mantachie Pearce. Fearful that a default judgment would be entered against him, Mantachie Pearce filed an answer and "counter-complaint" denying he owed the debt and asserting a claim of intentional infliction of emotional distress against Ford.

Ford argues that the "answer and counter-complaint" should have been filed as a complaint in a separate action and that it should be treated by this court as a defendant. Based on that premise, Ford removed the case to federal court and now Mantachie Pearce seeks to remand with an award of all costs, expenses and attorney's fees associated with the remand motion.

### ANALYSIS

■ Mantachie Pearce moves the court to remand pursuant to 28 U.S.C. § 1441(a) claiming that Ford improperly removed the case considering it is not a defendant and because there is no proof that the amount in controversy exceeds $75,000.00.[1] § 1441(a) states that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

■ The decision on whether a plaintiff in state court who turns defendant to a cause of action asserted in a counterclaim, "turns on the meaning of the removal statute and not upon the characterization of the suit or the parties to it by state statutes or decisions." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104, 61 S.Ct. 868, 870, 85 L.Ed. 1214 (1941) (citation omitted).

> The removal statute[,] which is nationwide in its operation, was intended to be uniform in its application, unaffected by local law definition or characterization of

---

1. The court does not reach the amount in controversy issue or the underlying issue of the status of the parties as the law for removal

in circumstances such as the ones before the court is dispositive of the case.

the subject matter to which it is to be applied. Hence the Act of Congress must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits are to be removed from the state to the federal courts.... [S]ince the adoption of the Judiciary Act of 1789 the statutes governing removals have in terms given the privilege of removal to 'defendants' alone ....

*Id.* at 104–105, 61 S.Ct. 868(citation omitted). Where a defendant who removes is the plaintiff in the original action in state court, the rule in *Shamrock* is implicated. It mandates that:

> The removal of a cause from a state to a federal court could be effected under § 12 [of the Judiciary Act] only by a defendant against whom the suit is brought by process served upon him. Consequently a non-citizen plaintiff in the state court, against whom the citizen-defendant had asserted in the suit a claim by way of counterclaim, which under state law, had the character of an original suit, was not entitled to remove the cause .... [T]he plaintiff having submitted himself to the jurisdiction of the state court, was not entitled to avail himself of a right of removal conferred only on a defendant who has not submitted himself to the jurisdiction.

*Shamrock*, at 106, 61 S.Ct. 868 (citing *West v. Aurora City*, 73 U.S. 139, 142, 6 Wall. 139, 18 L.Ed. 819 (1867)).

It is undisputed that Ford chose the state court forum to initiate the original action. It is further undisputed that Ford was not served with process but found itself occupying the position of a defendant by virtue of a counterclaim. Pursuant to *Shamrock*, this court finds that as the defendant, Ford is not entitled to avail itself of the right of removal since, as the plaintiff in the original action, Ford sub-

mitted itself to the jurisdiction of the Circuit Court of Tishomingo County, Mississippi. Accordingly, this court concludes that defendant Ford improperly removed this case to federal court and it lacks jurisdiction over this matter. This case should be remanded and all outstanding motions should be dismissed.

## CONCLUSION

Based on the foregoing analysis the court holds that Michael Pearce's motion to remand [5–1] is **GRANTED**. Ford Motor Credit Company's motion to sever [3–1] is **DISMISSED** without prejudice. Mantachie Pearce is awarded all costs, expenses and attorney's fees associated with the remand motion. A separate order to that effect shall issue this day.

## *ORDER GRANTING THE MOTION TO REMAND AND DISMISSING THE MOTION TO SEVER*

Pursuant to a memorandum opinion issued this day, it is hereby **ORDERED THAT:**

- Defendant Michael Pearce's motion to remand [5–1] is **GRANTED**;

- Plaintiff Ford Motor Credit Company's motion to sever [3–1] is **DISMISSED** without prejudice;

- The parties are directed to utilize their best efforts to resolve the fee matter related to this motion without court intervention; and

- This case is hereby **REMANDED** to Circuit Court of Tishomingo County, Mississippi