**Elizabeth O'HALLORAN and Alan Burch, Plaintiffs,**

v.

**The UNIVERSITY OF WASHINGTON, William P. Gerberding, Milo R. Lude, and the Board of Regents of the University of Washington, Defendants/Third–Party Plaintiffs,**

v.

**NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, Third–Party Defendant.**

**No. C87–1024M.**

United States District Court, W.D. Washington, at Seattle.

Oct. 9, 1987.

James B. Wilson, Office of the Atty. Gen., University of Washington, Seattle, Wash., for Univ. of Wash.

Bruce E.H. Johnson, David C. Tarshes, Davis Wright & Jones, Seattle, Wash., for plaintiffs.

Don Paul Badgley, Bogle & Gates, Seattle, Wash., John H. Kitchin, Swanson Midgley Gangwere Clarke & Kitchin, Kansas City, Mo., for Nat. Collegiate Athletic Ass'n.

McGOVERN, District Judge.

The University prays for an Order enjoining the NCAA from sanctioning the University because of its failure to require the University's athletes to sign an NCAA drug testing consent as a condition of athletic eligibility in spite of a court order prohibiting it from doing so.

The Affidavit of James B. Wilson, counsel for the University, states that the University was preliminarily enjoined by King County Superior Court Judge Mattson from requiring its athletes to sign the NCAA drug-testing consent forms. The holding on page 17 of the written transcript of Judge Mattson's oral opinion does not say that. The Order is directed against the University's program. It states:

> Therefore, this Court rules that the University's plan to require urine testing of all University athletes at their annual physical is unconstitutional and must be enjoined as a matter of Summary Judgment.

On page 20 of the written transcript of the oral opinion, the judge addresses the question of joining the NCAA and states that the NCAA's drug testing requirement regarding drug testing "suffers from even more constitutional deficiencies than does the University of Washington's" program. The Court went on to state that it would issue a temporary restraining order restraining the NCAA from requiring the University to comply with the NCAA's drug testing requirements, including obtaining consents from all its athletes to random post season testing. (*Id.* at 21.) The NCAA was not then a party to the proceeding and had not yet been afforded an opportunity to be heard on the question of the constitutionality of its program.

Wilson's affidavit states that on July 24, 1987 the Superior Court joined the NCAA as a party to the action and entered a temporary restraining order against the NCAA from imposing sanctions against University as a result of the University's compliance with the preliminary injunction.

■ The University contends that it will be irreparably damaged as a result of the NCAA applying sanctions to the University for failure to implement the NCAA's testing program. Alleged damage flowing from such sanctions is set forth in the declaration of Milo Lude, the University's Athletic Director. The University, however, presents no discussion on the merits.

Neither the constitutionality of the University's nor the NCAA's drug-testing program has been addressed by this Court. This Court must determine whether the NCAA's drug-testing program is constitutional and, thus, one that the University may enforce as required by the NCAA.

There has been no demonstration of irreparable harm, as there is a process by which the University can obtain from the NCAA a hearing and, if necessary, an appeal from an attempted sanction. Moreover, there is the opportunity of applying to this Court for a restrainer against an alleged unlawful sanction should the NCAA move to impose one, both parties now being properly before this court.

Therefore, good cause not having been shown and the University's motion for a preliminary injunction being premature, the University of Washington's Motion for a Preliminary Injunction is DENIED.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

In King County Superior Court, Plaintiffs challenged the constitutionality of the University of Washington's (University) drug testing program. After the oral deci-

sion against the University, and upon order of the King County Superior Court that the University join the National Collegiate Athletic Association (NCAA) as a Third–Party Defendant, the NCAA was so joined.

On July 27, 1987, the NCAA was first served with the summons and complaint; it promptly removed to Federal court July 30, 1987.

Plaintiffs have moved to remand this cause of action pursuant to 28 U.S.C. § 1447(c), which provides, *inter alia:*

> If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs....

The statute governing removal procedure reads simply that a petition may be filed by a "defendant or defendants desiring to remove ...". 28 U.S.C. § 1446(a). The courts have established a general rule of construction that all defendants must join in a removal petition. *See, e.g., Committee of Interns & Residents v. New York State Labor Relations Board*, 420 F.Supp. 826, 832 (S.D.N.Y.1976). The University has not taken a position on the motion to remand (Affidavit of James B. Wilson, p. 3; Defendant/Third–Party Plaintiff Reply in Support of Motion for Preliminary Injunction, p. 8) and did not affirmatively join in the removal petition. The University has, however, filed a motion for a preliminary injunction asking that in the event remand is denied, the NCAA be enjoined pending a final order, "from taking any sanction or action whatsoever against the University as a result of any court order or ruling enjoining the University from requiring the University's athletes to sign an NCAA drug testing consent as a condition of athletic eligibility." (Wilson Affidavit in Support of Motion for Preliminary Injunction, p. 3.)

■ While the general rule is that all defendants must join in a removal petition, one defendant remaining neutral on removal would not seem to be a defect mandating remand. Rather, the matter is more properly within the Federal court's discretion to determine whether the removal was im-

provident or not under the circumstances. Thus, with no active objection to removal and the Federal court having subject matter jurisdiction (discussion *infra*), remand is not mandated by 28 U.S.C. § 1447(c).

■ The Plaintiffs contend that pursuant to a majority of decisions relative to 28 U.S.C. § 1441(c) ("actions removable generally"), a third-party defendant may not remove, and that even under the minority rule, may remove only if the claim against the third-party defendant is a separate and independent claim or cause of action. The discussion in Section 3724 of Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 2d (1985) [Volume 14A], (1) acknowledges this split of authority; (2) recognizes that questions of fairness to the plaintiff will arise if removal succeeds and fairness to the third party defendant, if remand is ordered; and (3) concludes that "[u]ltimately, the decision of whether or not to remand part or all of the main action will rest on the sensitive exercise of discretion by the federal district judge." *Id.* at 395.

Section 1441(c) provides:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

First, the University's claim against the NCAA is the claim that was joined to the Plaintiff's original action against the University. The original action was not one that was nonremovable, however, as it included a claim of violation of the United States Constitution. Moreover, the cause of action against the NCAA would be removable if sued upon alone: there is both diversity (the NCAA is an unincorporated association headquartered in Kansas, according to the third-party complaint) and Federal question jurisdiction. There is, therefore, a stronger jurisdictional basis

for removal than if the original claim were nonremovable, and Section 1441(c) does not appear to be strictly applicable.

A Federal question is presented by the University's claim against the NCAA. The third-party complaint asks the Court to enjoin the NCAA from imposing any kind of sanction against the University, an employee, or student as a result of the Superior Court's Order declaring the University's drug testing program unconstitutional. The University anticipates that if, pursuant to the Superior Court's Order it does not proceed with its own drug testing program, and, further, if it does not require student athletes to sign a consent to testing for drugs prohibited by the NCAA, the NCAA would impose sanctions on the University, and University athletes would be ineligible to compete in NCAA competitions. The University's presumption is based on a conclusion that the NCAA's drug testing program is unconstitutional. This conclusion flows from the Superior Court's oral ruling that the University's drug testing program is unconstitutional and that the NCAA's drug-testing program is even more flawed. (Verbatim Report of Proceedings in Superior Court at 17 and 20.) The latter conclusion is *dicta,* however, as the NCAA was not a party at the time of the oral ruling, and its drug testing program was not, procedurely, before the Superior Court. The propriety of granting the relief requested by the University depends upon an analysis of (1) the question of irreparable harm and (2) the merits, *i.e.,* whether the NCAA's drug testing program is constitutional and thus, one that the University may enforce without misgiving.

It is evident from the foregoing discussion that there are two separate drug testing programs involved. While there are obvious points where the claims coalesce, (*e.g.,* alleged violation of the Plaintiffs' constitutional rights) it appears from the record before this court to date that the scope and procedures of each drug testing program vary, and that they should be separately considered.

Accordingly, this cause of action having been properly removed and the Court hav-

ing jurisdiction, the Plaintiffs' Motion for Remand under 28 U.S.C. § 1447(c) is DENIED.