Elizabeth O'HALLORAN,
Plaintiff-Appellant,

v.

UNIVERSITY OF WASHINGTON, et al.,
Defendant-third-party-plaintiff-Appellee,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, Third-party-defendant.

Nos. 88–3565, 88–3676.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 1, 1988.

Decided Sept. 8, 1988.

David C. Tarshes, Davis, Wright & Jones, Seattle, Wash., for plaintiff-appellant.

Carol Sundquist Niccolls, Asst. Atty. Gen., Seattle, Wash., for defendant-third-party-plaintiff-appellee.

Don Paul Badgley, Bogle & Gates, Seattle, Wash., for third-party-defendant.

Before KOELSCH, ALARCON and BEEZER, Circuit Judges.

ALARCON, Circuit Judge:

In this appeal, we must decide whether the district court erred when it denied a motion to remand the action to state court.

I

The University of Washington is a member of the National Collegiate Athletic Association (NCAA), an unincorporated association whose members are public and private colleges and universities. The NCAA regulates participation in intercollegiate sports.

As a condition of membership in the NCAA, the University of Washington agreed "[t]o administer their athletics programs in accordance with the Constitution, the Bylaws and other legislation of the Association." NCAA Const., art. IV, § 2(a). The NCAA Constitution also states that if a student athlete is ineligible under the NCAA requirements, the member school must withhold that athlete from all intercollegiate competition. NCAA Const., art. IV, 0.I.11. If the member school does not withhold the ineligible student from competition, the school is subject to NCAA enforcement proceedings and may be expelled from the NCAA. NCAA Const., art. II, § 2(b).

The NCAA requires that a student athlete sign a statement in which the athlete consents to be tested for the use of drugs prohibited by NCAA legislation. NCAA Const., art. III, § 9(i). The statement must be signed annually, prior to competition in intercollegiate athletics during the academic year in question. *Id.* Failure to sign the consent form renders a student athlete ineligible for intercollegiate competition. *Id.*

Elizabeth O'Halloran is a student at the University of Washington and a member of the University's track and cross-country teams. On May 22, 1987, O'Halloran filed a complaint against the University in Washington's King County Superior Court. The complaint sought injunctive and declaratory relief prohibiting the University from enforcing its own drug testing program and from prohibiting students from participating in intercollegiate competition if they refused to sign the NCAA drug testing consent form. The complaint did not name the NCAA as a party.

On July 9, 1987, O'Halloran filed alternative motions for summary judgment and for a preliminary injunction. The motions were directed against enforcement of both the University and NCAA programs. On July 16, 1987, the University of Washington moved to compel joinder of the NCAA as a party. Following oral argument on July 23, 1987, the Superior Court issued an oral ruling that the portion of the University's drug testing program that permitted testing without individualized reasonable suspicion violated the United States and Washington Constitutions. In ruling on the motion to compel joinder, the Superior Court stated that the NCAA program suffered from more constitutional deficiencies than did the University program. The Superior Court issued an order compelling joinder, but ordered that the University, not O'Halloran, join the NCAA because the University is the party that would be harmed by any action taken by the NCAA. The Superior Court said that it would issue a temporary restraining order prohibiting the NCAA from requiring the University to prohibit students who refused to sign drug testing consent forms from competing on University athletic teams. The court signed the temporary restraining order on July 24, 1987 and it expired by its own terms on July 30, 1987. Although the parties met to discuss proposed language for the temporary restraining order, the court did not sign a written order enjoining the University from enforcing the NCAA drug testing program's consent form requirement. The temporary restraining order stated that on July 31, 1987 the NCAA was to appear and show cause why a preliminary injunction should not issue prohibiting it from taking actions against the University when the University allowed students who did not sign the NCAA consent form to compete in intercollegiate events.

On July 27, 1987, the University filed and served a third-party complaint against the NCAA. On July 30, 1987, the NCAA removed the action to the United States Dis-

trict Court for the Western District of Washington. On August 6, 1987, O'Halloran moved to remand the action to state court. On October 9, 1987, the district court denied the motion to remand the action to state court. *O'Halloran v. Univ. of Washington*, 672 F.Supp. 1380 (W.D.Wash. 1987).

On October 15, 1987, O'Halloran moved for the entry of an order encompassing the rulings the Superior Court made prior to removal. On January 15, 1988, the district court denied this motion. The court also dismissed without prejudice the University's third-party complaint against the NCAA because it was premature. Finally, the court ordered O'Halloran to join the NCAA as a defendant.

On January 20, 1988, O'Halloran filed a notice of appeal from the January 15, 1988 order. In this notice of appeal, O'Halloran also appealed the order denying her motion to remand the action to state court.[1]

On January 21, 1988, pursuant to the court's order, O'Halloran filed a Second Amended Complaint, naming the NCAA as a co-defendant, and moved for a preliminary injunction prohibiting the NCAA and the University from not allowing her to compete on its athletic teams because she refused to consent to the University drug testing program and to sign the NCAA drug testing consent form. While this motion was pending, the University dropped its plan to conduct drug testing in the absence of individualized suspicion. As a result, on February 5, 1988, all claims against the University regarding its own drug testing program were dismissed.

On February 25, 1988, the district court denied O'Halloran's motion for a preliminary injunction. *O'Halloran v. Univ. of Washington*, 679 F.Supp. 997 (W.D.Wash. 1988). The court held that the balance of hardships did not tip in O'Halloran's favor. 679 F.Supp. at 1007. The court also found that she was unlikely to succeed on the merits. *Id.*

On March 2, 1988, O'Halloran appealed from the district court's February 25, 1988 order. The two appeals were consolidated by this court.

## II

This court has jurisdiction over the appeals from the denial of the motions for preliminary injunctions pursuant to 28 U.S.C. § 1292(a)(1) (1982).

"Where a motion to remand is denied, the propriety of removal is reviewable on appeal from the final judgment or by interlocutory appeal if the refusal to remand is certified under 28 U.S.C. § 1292(b)." *Sheeran v. General Elec. Co.*, 593 F.2d 93, 97 (9th Cir.), *cert. denied*, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979). In this case, there is not yet a final judgment and the district court did not certify under 28 U.S.C. § 1292(b) the order denying the motion to remand. However, when an appeal from an order denying a motion to remand is joined with an appeal from an order granting or denying an injunction, we will review the order denying the motion to remand at that time and not wait for final judgment or certification. *See Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir.1985) (we will review a refusal to remand at the same time we review the propriety of a preliminary injunction in order to prevent the waste of judicial resources). *See also Alligator Co. v. La Chemise LaCoste*, 421 U.S. 937, 938, 95 S.Ct. 1666, 1666, 44 L.Ed. 2d 94 (1975) (Justice White, dissenting, said that "it would appear that jurisdictional questions should be reviewed at the first available opportunity, and I perceive no good reason for not permitting the removal issue to be raised in connection with an appeal from the denial of a preliminary injunction."); *Kysor Indus. Corp. v. Pet, Inc.*, 459 F.2d 1010, 1011 (6th Cir.) (per curiam), *cert. denied*, 409 U.S. 980, 93 L.Ed.2d 314, 34 L.Ed.2d 243 (1972) (noting that, although the court must usually wait until an appeal from final judgment to re-

---

1. On January 20, 1988, O'Halloran requested an order certifying the order denying remand for immediate appeal pursuant to 28 U.S.C. § 1292(b) (Supp. IV 1986). The court denied O'Halloran's request on February 22, 1988.

view the denial of a motion to remand, it would not wait in this case because the plaintiff was also appealing the denial of a motion for a preliminary injunction and that issue was properly before the appellate court); *Mayflower Indus. v. Thor Corp.*, 184 F.2d 537, 538 (3d Cir.1950) ("[a]lthough the denial of a motion to remand itself would not support an interlocutory appeal, the question of removability is jurisdictional and therefore is before us for consideration once it appears that the case is properly here for review of an appealable order."), *cert. denied*, 341 U.S. 903, 71 S.Ct. 610, 95 L.Ed. 1342 (1951).

### III

■ The NCAA argues that because O'Halloran filed a Second Amended Complaint in federal court, realigning the NCAA as a defendant and alleging federal law violations, her appeal from the order denying remand is now moot. According to the NCAA, because the federal court clearly has jurisdiction over O'Halloran's claims against them at this time her "first appeal should be dismissed as moot."

O'Halloran filed her Second Amended Complaint on January 21, 1988, after the district court ordered her to realign the NCAA as a defendant. In the amended complaint, O'Halloran expressly stated that she "reserves her objections to the court's jurisdiction." She contends that she had filed both a motion for certification of the remand issue for appeal and a notice of appeal, which encompassed the remand issue, prior to filing her Second Amended Complaint. According to O'Halloran, because she was ordered by the court to join the NCAA, she was required to proceed by filing the amended complaint, even though the remand issue had not yet been appealed.

**2.** We recognize that the rule is different if the plaintiff has not appealed the denial of the remand order and there has been a trial on the merits. "[W]hen there is no appeal of a denial of a remand motion and the case is tried on the merits, the issue on appeal is whether the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of the final judgment." *Lewis v. Time, Inc.*, 710 F.2d 549, 552

"Procedural defects in the removal of an action may be waived by the failure to make a timely objection before the case proceeds to the merits.... [D]efects going to the subject matter jurisdiction of the court cannot be waived and may be raised at any time." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (citations omitted). "In determining the existence of removal jurisdiction, based upon a federal question [the court] must look to the complaint as of the time the removal petition was filed." *Id.* Jurisdiction is based on the complaint as originally filed and not as amended. *Id.*[2]

In *Thomas v. Great N. Ry. Co.*, 147 F. 83 (9th Cir.1906), after removal from state court, the plaintiff moved to have the action remanded. After the district court denied his motion and granted a demurrer for one of the defendants, the plaintiff voluntarily amended the complaint and made the appellee the sole defendant. The appellee argued that by amending his complaint, the plaintiff submitted to the jurisdiction of the court and could no longer contend that the action was not removable. *Id.* at 86. This court stated that the only question was

whether the case was one properly removable from the state court as it stood in that court at the time when the petition was filed. That question is to be determined by the condition of the pleadings and the record at the time of the application for removal and not by the allegations of the petition or the subsequent proceedings which may be had in the Circuit Court.

*Id.* The court noted that

[a]fter the removal, and after the court had denied the motion to remand and had sustained the demurrer of McDonald

(9th Cir.1983); *see also Libhart*, 592 F.2d at 1066 (dictum) ("[A] judgment of a district court may be upheld, even though there was no right to removal, if (1) the case is tried on the merits; and (2) the federal court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of the final judgment." (citing *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972))).

[one of the defendants] to the complaint, the plaintiff was compelled either to submit to a dismissal of his action or amend his complaint in accordance with the ruling of the court. He could not, before final judgment, review in an appellate court the action of the trial court in overruling his motion to remand.

*Id.* at 87. Thus, the court held, "[b]y amending his complaint as he did, and submitting to trial, he did not give the court jurisdiction." *Id. See also McLeod v. Cities Serv. Gas Co.,* 233 F.2d 242, 244–45 (10th Cir.1956) (appellants did not voluntarily acquiesce to removal when they objected to removal and amended the pleading only after the court ordered them to do so); *cf. Brough v. United Steelworkers of America,* 437 F.2d 748, 750 (1st Cir.1971) (plaintiff waived the remand issue when he amended his complaint to include a federal question but was not ordered to do so).

Accordingly, we hold that when a court orders the plaintiff to amend its complaint, doing so does not moot the question whether removal to the federal court was proper. It is clear in this case that O'Halloran had no intention of waiving her claim that jurisdiction was not proper in federal court when she complied with the court's order and amended the complaint.

### IV

A defendant may remove an action to federal court when the action is within the original jurisdiction of the United States district court. 28 U.S.C. § 1441(a) (1982).

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (1982).

"Removal of a case from state to federal court is a question of federal subject matter jurisdiction which is reviewed

*de novo." Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1194 (9th Cir.1988). The party seeking removal has the burden of establishing federal jurisdiction. *Id.* at 1195. In addition, section 1441 is strictly construed against removal. *Id.*

A defendant seeking to remove an action from state to federal court must file a petition in federal court "containing a short and plain statement of the facts which entitle him ... to removal...." 28 U.S.C. § 1446(a) (1982). In its Petition for Removal, the NCAA contends that the University of Washington's third-party complaint is removable pursuant to section 1441 because it arises under the Constitution of the United States and, pursuant to 28 U.S.C. § 1331, is subject to the original jurisdiction of the federal district courts. We disagree.

In its third-party complaint, set forth as an appendix to this opinion, the University of Washington alleged that as a condition of the membership agreement between the NCAA and the University of Washington, "University student athletes are required to sign a statement consenting to testing for the use of drugs prohibited by NCAA legislation." According to the complaint, "the University is required to withhold all student athletes from NCAA competition who have not complied with NCAA regulations." The University further alleges that the Washington Superior Court had enjoined the University from requiring students to sign the NCAA consent form before they can compete on the University athletic teams. According to the University, were they to follow the court's order, they would face possible sanctions, including expulsion, for non-compliance with the NCAA regulation. In its prayer, the University sought an order

> [t]hat the NCAA, its agents, officers, employees, representatives, and all persons acting in concert or participating with them be enjoined from imposing any sanctions or taking any action whatsoever against the University or any University student or employee as a result of any order of this court regarding the

University's compliance with the NCAA drug-testing program.

 The third-party complaint was filed to prevent the NCAA from exercising its contractual rights against the University of Washington if it failed to fulfill its promises under the membership agreement, in compliance with the order of the King County Superior Court. The University's claim is no more than a request that the King County Superior Court deny enforcement of the NCAA membership agreement's terms because the University has a defense that excuses non-performance. Thus the complaint presents a pure question of state law. The University did not purport to allege a cause of action arising under federal law. We note also that the NCAA is an unincorporated association. Therefore, it cannot seek removal on the ground of diversity of citizenship. *Rockwell Int'l Credit Corp. v. United States Aircraft Ins. Group,* 823 F.2d 302, 304 (9th Cir.1987). Accordingly, the district court did not have subject matter jurisdiction over the third-party complaint and removal was improper.

█ As noted above, the defendant must state the basis for removal jurisdiction in the petition for removal. Furthermore, the petition must be filed within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). The petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period. *Barrow Dev. Co. v. Fulton Ins. Co.,* 418 F.2d 316, 317 (9th Cir.1969). In this action, the NCAA based its petition for removal solely on the facts alleged in the third-party complaint. The thirty days for filing and amending the petition have passed. Thus, we need not address the issue whether a third-party defendant can base its petition for removal on an alleged federal question presented in the complaint between the original parties.

Finally, because we find there was no federal jurisdiction over the third-party complaint, we need not reach the interesting question whether third-party defendants are defendants for purposes of the removal statute.

We reverse the district court's order denying the motion to remand this case to state court. We remand the action to the district court with directions that that court remand the entire case back to the state court from which it was removed.

REVERSED AND REMANDED.