FILED

FOR PUBLICATION

MAY 02 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| WESTWOOD APEX, | No. 11-55362 |
| Plaintiff/Counterclaim Defendant, | D.C. No. 5:10 Civ. 01382 (GAF) |
| GEORGE BURNETT, an individual; WILLIAM OJILE, an individual; ALTA COLLEGES INC., a Delaware Corporation; WESTWOOD COLLEGE INC., a Colorado Corporation; TRAV CORPORATION, a Colorado Corporation, DBA Westwood College, DBA Westwood College Online; GRANT CORPORATION, a Colorado Corporation, DBA Westwood College; WESGRAY CORPORATION, a Colorado Corporation, DBA Westwood College; BOUNTY ISLAND CORPORATION, a Delaware Corporation, FDBA Redstone College, | OPINION |
| Additional Counterclaim Defendants-Appellants., | |
| v. | |
| JESUS A. CONTRERAS, | |
| Defendant/Counter-Complainant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted April 12, 2011
Pasadena, California

Before: JAY S. BYBEE and MILAN D. SMITH, JR., Circuit Judges, and KENT J. DAWSON, District Judge.[*]

Opinion by Judge Milan D. Smith, Jr.

M. SMITH, Circuit Judge:

The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4, confers federal jurisdiction over class action lawsuits where the amount in controversy exceeds $5,000,000 and the adversaries are minimally diverse. When a class action satisfying these conditions is filed in state court, Section 5 of CAFA provides that "such action may be removed by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b). In this appeal, we address whether CAFA Section 5, 28 U.S.C. § 1453(b), allows a party joined to an action as a defendant to a counterclaim (an additional counterclaim defendant) to remove the case to federal court. We hold that § 1453(b) does not permit additional counterclaim defendants

---

[*] The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

to remove an action to federal court, and we affirm the district court's decision to remand this case to state court.

## BACKGROUND

### I. CAFA and the Removal Statutes

Congress enacted CAFA to "'curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts.'" *United Steel v. Shell Oil Co.*, 602 F.3d 1087, 1090 (9th Cir. 2010) (quoting *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009)). CAFA wrought several changes to the Judicial Code, including amending the federal diversity statute, 28 U.S.C. § 1332(d)(2), and liberalizing the requirements governing removal from state court, 28 U.S.C. § 1453.

Section 4(a) of CAFA amended the federal diversity jurisdiction statute, 28 U.S.C. § 1332, to grant original federal jurisdiction over large interstate class actions (*i.e.*, at least 100 class members) in which the matter in controversy exceeds $5,000,000 and any member of the plaintiffs' class is diverse in his domicile from any defendant. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

Section 5 of CAFA augmented Chapter 89 of the Judicial Code (which governs the removal of state-court actions to federal courts) by the addition of 28 U.S.C. § 1453. Subsection (b) of § 1453 provides that

> [a] class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b). Section 1446, which is cross-referenced in § 1453(b), sets forth the procedures a removing defendant must follow and provides, *inter alia*, that "[a] defendant or defendants desiring to remove any civil action . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal" as well as the operative pleadings. *Id.* § 1446(a). The notice of removal "shall be filed within thirty days after the receipt by the defendant" of the complaint or, in certain states, the summons. *Id.* § 1446(b).

The "general" removal statute, which was not amended by CAFA, is also found in Chapter 89 of the Judicial Code, and provides:

4

[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II.    The Underlying Proceedings

This litigation commenced in San Bernardino County Superior Court on May 17, 2010, when plaintiff Westwood Apex filed a breach of contract action against defendant Jesus Contreras to recover $20,000 on an unpaid student loan. Westwood Apex is a subsidiary entity of the for-profit higher-education institution Westwood College. Contreras, a former Westwood College student, answered the complaint and, on August 11, 2010, filed class action counterclaims alleging violations of California consumer-protection laws.

Contreras's counterclaims allege that plaintiff/counterclaim defendant Westwood Apex and additional counterclaim defendants[1] Westwood College and certain affiliated individuals and entities (collectively, the additional counterclaim defendants, removing parties, or Westwood College) committed fraud and engaged in unfair and deceptive business practices in connection with their operation of the college. Contreras's putative class consists of all California residents who have attended, or are presently attending, Westwood College's programs.

On September 10, 2010, the additional counterclaim defendants (*i.e.*, all Westwood College entities except Westwood Apex) filed a notice of removal in the Central District of California. That notice asserted that federal jurisdiction was appropriate under 28 U.S.C. § 1332(d)(2), and that removal was authorized by Section 5 of CAFA, 28 U.S.C. § 1453(b). Specifically, the notice of removal reads:

> Section 1453(b), added by CAFA, expands removal authority, conferring on "any defendant" the right to

---

[1] The parties and pleadings refer to Westwood Apex as a "cross-defendant" as opposed to a "counterclaim defendant." They also refer to Westwood College as a "cross-defendant." In accord with Federal Rule of Civil Procedure 13, the appropriate way to describe the underlying proceedings is that defendant Contreras filed a counterclaim against plaintiff/counterclaim defendant Westwood Apex and joined as *additional* counterclaim defendants Westwood College, et al. Fed. R. Civ. P. 13(h). However, any deviations from this nomenclature are immaterial to the result in this case.

remove a class action. . . . [Section] 1453(b), in authorizing removal "by any defendant," expands removal authority beyond § 1441(a)'s limits so that it includes "any defendant," including naturally a defendant joined in the case by a counterclaim.

On September 29, 2010, the district court ordered Westwood College to show cause why removal was appropriate under CAFA. Specifically, the district court highlighted the dearth of authority in this circuit regarding whether "state court cross-defendants, joined by way of a cross-complaint, qualify as defendants under [28 U.S.C. §] 1453." The order to show cause further recognized persuasive authority from the United States Court of Appeals for the Fourth Circuit which, in considering the issue presented here, held that CAFA does not permit removal by additional counterclaim defendants. *See Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 328–29 (4th Cir. 2008).

Following briefing by the parties, the district court remanded the action to state court on the ground that removal by an additional counterclaim defendant was not authorized by either the language or purpose of CAFA (the Order of Remand). *See Apex v. Contreras*, No. 10 Civ. 1382 (GAF), 2010 WL 4630274 (C.D. Cal. Nov. 4, 2010).

On March 4, 2011, we granted the additional counterclaim defendants' petition to appeal the Order of Remand.

7

**JURISDICTION AND STANDARD OF REVIEW**

We have jurisdiction under 28 U.S.C. § 1453(c). "CAFA mandates a prompt disposition of controversies that arise over issues relating to jurisdiction under the Act." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 396 (9th Cir. 2010). An appeal of an order of remand must be decided no more than 60 days after the petition to appeal was granted. 28 U.S.C. § 1453(c)(2).

Whether a case was properly removed from state to federal court is a question we review de novo. *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 938 (9th Cir. 2006). We likewise review the "construction, interpretation, or applicability" of CAFA de novo. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005).

**DISCUSSION**

The removing parties contend that § 1453(b) permits removal by "any defendant" and that this phrase includes additional counterclaim defendants. This is a question of statutory interpretation, and thus our analysis begins with the plain language of the act. *Campbell v. Allied Van Lines Inc.*, 410 F.3d 618, 620 (9th Cir. 2005). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519

8

U.S. 337, 341 (1997). Where language is susceptible to varying interpretations, we will look to other sources to determine congressional intent, such as the canons of construction or a statute's legislative history. *Jonah R. v. Carmona*, 446 F.3d 1000, 1005 (9th Cir. 2006).

Our circuit has addressed the meaning of § 1453(b). *See Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006); *see also Progressive W. Ins. Co. v. Preciado*, 479 F.3d, 1014, 1017–18 & n.2 (9th Cir. 2007). In *Progressive West*, where the question of removal by a plaintiff/cross defendant arose, we recognized that § 1453(b) was written to "eliminate three significant barriers to removal for qualifying actions." 479 F.3d at 1017 & n.2. First, § 1453(b) "expressly 'exempts qualifying actions from the § 1446(b) prohibition of removal more than 1 year after commencement of the [state-court] action.'" *Id.* at 1018 n.2 (citation omitted). Second, § 1453(b) allows a class action founded on diversity to be removed even where "any defendant" is a citizen of the state where the action was filed. This language "eliminates the so-called 'home-state defendant' restriction on removal found in § 1441(b)." *Palisades Collections*, 552 F.3d at 335. Finally, § 1453(b) provides that "any defendant" is allowed to remove an action without obtaining the consent of "all defendants." This "overrides the judge-created requirement that each defendant consent to removal." *Arego*

9

*Abrego*, 443 F.3d at 681. That unanimity requirement had been longstanding, dating back to the Supreme Court's decision in *Chicago, Rock Island, & Pacific Railway Company v. Martin*, 178 U.S. 245 (1900).

The phrase "any defendant" is used twice in § 1453(b), first as part of the language eliminating the complete diversity requirement and second in the clause overriding *Martin*'s unanimity rule. Despite the apparent usage of "any defendant" in two provisions aimed at eliminating longstanding barriers to removal, the removing parties nevertheless contend that § 1453(b) also authorizes removal by additional counterclaim defendants. Their argument proceeds by taking § 1453(b)'s final clause—"such action may be removed by any defendant without the consent of all defendants"—and erasing the last six words so that what remains is, according to the removing parties, "unambiguous" authority that "any defendant" of whatever kind may remove a class action to federal court. We believe it inappropriate to construe a statute by reading related clauses in isolation or taking parts of a whole statute out of their context. An excerpted clause in a statute cannot be interpreted without reference to the statute as whole, nor can it be understood free from the sentence in which it was included. *See United States v. Morton*, 467 U.S. 822, 828 (1984) ("We do not, however, construe statutory phrases in isolation; we read statutes as a whole."); *see also Harbison v. Bell*, 129

10

S. Ct. 1481, 1492 (2009) (Roberts, C.J., concurring) ("'[W]e do not . . . construe statutory phrases in isolation; we read statutes as a whole.' This certainly applies to reading sentences as a whole." (citation omitted)). Appellants' focus on the phrase "any defendant" takes the words out of the context in which they are written; here the word "any" is being employed in connection with the word "all" later in the sentence—"by *any* . . . without . . . the consent of *all* [.]" *See also Palisades Collections*, 552 F.3d at 335–36 ("[T]he use of the word 'any' juxtaposed with the word 'all' was intended to convey the idea of non-unanimity, not to alter the definition of the word 'defendant[.]'"). Given that "any" and "all" are used in relation to one another, they should be read that way and interpreted consistently with the sentence's structure.

The argument that § 1453(b) allows for additional counterclaim defendants to remove depends on Appellants' faith in the redeeming power of one adjective—"any". But this argument not only ignores Twain's skepticism on the value of a modifier[2], it also eschews the established meaning of "defendant" in Chapter 89 of the Judicial Code. Since the Supreme Court's decision in *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100 (1941), "defendant" for purposes

---

[2] "As to the Adjective; when in doubt, strike it out." Mark Twain, *The Tragedy of Pudd'nhead Wilson* 130 (Am. Pub. Co., 1900) (1894).

11

of designating which parties may remove a case under § 1441 has been limited by a majority of the courts to mean only "original" or "true" defendants; "defendant" in Chapter 89, thereby, excludes plaintiffs and non-plaintiff parties who become defendants through a counterclaim.

In *Shamrock Oil*, the Supreme Court interpreted the predecessor statute to § 1441, which permitted removal "'by the defendant or defendants therein,'" to preclude removal by a state-court plaintiff who "was in point of substance a defendant to the cause of action asserted in the counterclaim." *Id.* at 104–05, 107 (citation omitted). The ability for certain parties to remove a state-court action to a federal forum has existed since the first Judiciary Act. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 286–89 (1938) (citing Judiciary Act of Sept. 24, 1789 § 12, 1 Stat. 73, 79). The *Shamrock Oil* Court traced the amendments in removal law back to the first Judiciary Act and emphasized that, at different times, removal was either afforded to "defendants" or, alternatively, to "either party." 313 U.S. at 105–06. Because Congress was presumed to be aware of this statutory history, the choice of "defendant" was a deliberate exclusion of other classes of parties. *Id.* at 107–08 ("We think these alterations in the statute are of controlling significance . . . .").

Since *Shamrock Oil*, the law has been settled that a counterclaim defendant who is also a plaintiff to the original state action may not remove the case to federal court. *See, e.g.*, *Progressive West*, 479 F.3d at 1018 ("[W]e must conclude CAFA does not alter the longstanding rule announced in *Shamrock* that precludes plaintiff/cross-defendants from removing class actions to federal court."); *Am. Int'l Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260–61 (9th Cir. 1988) ("[T]he Supreme Court found that Congress had intended to eliminate the automatic right of a plaintiff to remove"). Likewise, the *Shamrock Oil* rule has been extended to preclude removal by third-party defendants to an action. *See Palisades Collections*, 552 F.3d at 332–33 (collecting cases); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462–63 (6th Cir. 2002) ("Although *Shamrock Oil* is not dispositive of the precise issue before us, it does dictate that the phrase 'the defendant or the defendants,' as used in § 1441(a), be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims."); *see also* 14C Wright & Miller, et al., Federal Practice & Procedure § 3730 (2010) ("The federal courts . . . often speak[] of the right to remove as being limited to 'true' defendants. . . . [T]hird-party defendants brought into the state action by the original defendant [cannot] exercise the right to remove claims to the federal court, although there is some authority to the contrary in the Fifth [and

13

Eleventh Circuits].").  While we left the question of third-party removal without a

definitive answer prior to the enactment of CAFA, *O'Halloran v. Univ. of Wash.*,

856 F.2d 1375, 1381 (9th Cir. 1988) ("[W]e need not reach the interesting question

whether third-party defendants are defendants for purposes of the removal

statute."), some courts in our circuit recognized that the majority position

prohibited third-party removal.  *See, e.g.*, *Schmidt v. Ass'n of Apartment Owners of

Marco Polo Condo.*, 780 F. Supp. 699, 702 (D. Haw. 1991).

This accepted understanding of "defendant" as excluding

plaintiff/counterclaim defendants and third-party defendants survived the

enactment of § 1453(b).  We recognized this, albeit in dicta, in *Progressive West*,

where we observed that § 1453(b) "[did] not create an exception to *Shamrock*'s

longstanding rule that a plaintiff/cross-defendant cannot remove an action to

federal court."  479 F.3d at 1018.  The Seventh Circuit, endorsing *Progressive

West*, held that § 1453(b)'s use of "any" is not enough to alter the meaning of the

term "defendant."  *See First Bank v. DJL Props., LLC*, 598 F.3d 915, 917–18 (7th

Cir. 2010).  As Chief Judge Easterbrook explained in *First Bank*:

> [T]he word "defendant" has an established meaning in legal
> practice, and it is vital to maintain consistent usage in order
> to ensure that Members of Congress (and those who advise
> them) know what proposed language will do, and people
> can understand the meaning of statutes. . . .

14

By using a word with an established meaning, Congress produces the established result.

*Id.* at 917.

The Fourth Circuit, the only other court of appeals to have addressed the precise issue presented here, also concluded that § 1453(b) did not overwrite the accepted meaning of "defendant." *See Palisades Collections*, 552 F.3d at 334–36. In *Palisades Collections*, then-Chief Judge Williams recognized that "[f]or more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants." *Id.* at 332. *Palisades Collections* aptly highlighted that "Congress has shown the ability to clearly extend the reach of removal statutes to include counter-defendants, cross-claim defendants, or third-party defendants" by using the term "party" in other sections of Chapter 89. *See Id.* at 333 (citing 28 U.S.C. § 1452(a) ("A party may remove any claim or cause of action . . .")). The Fourth Circuit further explained that § 1453(b) was drafted to comport with both § 1441 and § 1446, which each employ the word "defendant." *Id.* at 334–35. If the meaning in § 1441(a) and § 1446 is dictated by *Shamrock Oil*, and excludes third parties (*i.e.*, both third-party defendants and counterclaim defendants), then § 1453(b) does as well. *Id.* at 335.

The various judicial interpretations of CAFA, including our own, recognize that "CAFA . . . evidences [a] detailed appreciation of the background legal context." *Abrego Abrego*, 443 F.3d at 684; *see also Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006) ("CAFA's detailed modifications of existing law show that Congress appreciated the legal backdrop at the time it enacted this legislation."). To the extent there is any ambiguity about the meaning of "defendant" as it is used in § 1453(b), the legislative history reveals that Congress's purpose in drafting CAFA Section 5 was not animated by concerns regarding *Shamrock Oil* or its progeny, nor was § 1453(b) drafted with the intention of changing the meaning of "defendant." As explained above, § 1453(b) removed three longstanding obstacles to removal of interstate class actions, namely "(1) the rule that, in a diversity case, a defendant cannot remove a case from its home forum, § 1441(b); (2) the rule that a defendant cannot remove a diversity case once it has been pending in state court for more than a year, § 1446(b); and (3) the rule that all defendants must consent to removal." *Palisades Collections*, 552 F.3d at 331–32.

The report of the Senate Judiciary Committee confirms Congress's intent to remove these three longstanding barriers to removal. The report specifically identifies each barrier to removal, discusses its potential for abuse, and explicitly

16

states that § 1453(b) eliminates it. *See* S. Rep. No. 109-14, at 48–50

(2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 45–47. Despite the numerous abuses of

the class action system chronicled in its lengthy legislative history, § 1453(b) omits

any mention of *Shamrock Oil* or the majority rule limiting the right of removal to

original defendants. Indeed, there is *no* mention of "*Shamrock Oil*" or "third-

party" or "counterclaim defendant" in the entirety of the Senate Report. Given the

care Congress took to modify the three established legal principles discussed

above, we cannot conclude that Congress also intended to modify the original

defendant rule—another established legal principle—without any mention of its

desire to do so. *See Abrego Abrego*, 443 F.3d at 684 ("Given the care taken in

CAFA to reverse certain established principles but not others, the usual

presumption that Congress legislates against an understanding of pertinent legal

principles has particular force."); *cf. First Bank*, 598 F.3d at 917 ("If the drafters of

the 2005 Act wanted to negate *Shamrock Oil*, they could have written 'defendant

(including a counterclaim defendant)' or 'any party'. . . . But they chose the

unadorned word 'defendant,' a word with a settled meaning.").

Thus, Appellants asks us to do what Congress did not, by rewriting the

meaning of an accepted and understood term. To do so and change the meaning of

"defendant" in § 1453(b) would, as Judge Easterbrook phrased it, "make hash of

Chapter 89, because § 1453(b) refers to § 1446; unless the word 'defendant' means the same thing in both sections, the removal provisions are incoherent." *First Bank*, 598 F.3d at 917. Although it is at times reasonable to give disparate meanings to the same word used in related statutes, *see Envtl. Def. v. Duke Energy Corp.*, 549 U.S. 561, 574 (2007), this is not such a rare occasion. Finally, adhering to the narrow and historical interpretation of "defendant" does not render the use of "any" in § 1453(b) redundant; by reading "any defendant" to mean "any defendant to the original suit," or "true defendant," § 1453(b) still achieves CAFA's purposes of eliminating the complete diversity rule and *Martin*'s unanimity rule.

## CONCLUSION

While CAFA eliminated several important roadblocks to removal of class actions commenced in state court, we hold that 28 U.S.C. § 1453(b) did not change the longstanding rule that a party who is joined to such an action as a defendant to a counterclaim or as a third-party defendant may not remove the case to federal court. Accordingly, the district court's order remanding this suit to California state court is **AFFIRMED.**

18

**COUNSEL**

Jeffrey K. Brown, Esq., Payne & Fears, LLP, Irvine, California; Christopher King, Esq., Homer Bonner, P.A., Miami, Florida, for Appellants.

Timothy G. Blood, Esq., Blood Hurst & O'Reardon, LLP, San Diego, California; John A. Yanchunis, Esq., James Hoyer Newcomer Smiljanich & Yanchunis, P.A., Tampa, FL, for Appellee.

*Westwood Apex v. Contreras*, No. 11-55362

BYBEE, Circuit Judge, concurring:

I join Judge M. Smith's opinion in full, but I write separately to emphasize that Congress may wish to reexamine the applicability of the original defendant rule in the Class Action Fairness Act context.

In this case, what started as a $20,000 debt-collection case has now morphed into a complex class action involving approximately 7,000 counter-plaintiffs and an amount in controversy in the hundreds of millions of dollars. The original action filed by Westwood Apex against Jesus Contreras has been consumed by Contreras's counterclaim. The original debt is now a sideshow, an insignificant offset to anything recovered by the class. It is thus counterintuitive that CAFA does not authorize the removal of this suit but, for the reasons explained in the principal opinion, the court has properly adopted the original defendant rule as CAFA's own.

Under the original defendant rule, as adopted by a majority of the circuits, only an *original defendant* (i.e., a defendant named in the pleading that commenced the action) may remove a case to federal court. Although courts derived this rule from *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100 (1941), *Shamrock Oil* does not compel it. *Shamrock Oil* held that an *original plaintiff* against whom the defendant asserts a permissive counterclaim may not

remove the suit to federal court on the grounds of diversity of citizenship because, by voluntarily choosing to commence his action in state court, the original plaintiff thereby submitted himself to the state court's jurisdiction. *Shamrock Oil*, 313 U.S. at 106–07. As the Supreme Court explained nearly 150 years ago, original plaintiffs who "voluntarily resort[] . . . to the State court . . . [are] bound to know of what rights the defendants to their suit might avail themselves under [that State's rules of civil procedure]. Submitting themselves to [this] jurisdiction they submit[] themselves to it in its whole extent." *West v. Aurora City*, 73 U.S. 139, 142 (1867). Over time, the holding of *Shamrock Oil*—that an original plaintiff could not remove the case after a counterclaim was filed—transformed into a rule that only the original defendant could remove the case. *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332–33 (4th Cir. 2008) (citing cases); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 461–62 (6th Cir. 2002).

Unlike an original plaintiff who, by voluntarily choosing to bring his action in state court, thereby submits himself to the state court's jurisdiction, a third-party defendant or an additional counterclaim defendant has no say in the chosen forum. This defendant "never voluntarily submitted [himself] to the jurisdiction of the state court," is "dragged into state court by service of process the same way that any other 'defendant' is brought into court," and "is as much a defendant as if the

2

case had been originally brought against [him]." *Ford Motor Credit Co. v. Aaron-Lincoln Mercury*, 563 F. Supp. 1108, 1113 (N.D. Ill. 1983). In other words, this defendant "has been sued in the only meaningful sense of the word—[he] has been haled into court involuntarily and must defend an action for relief against [him]." *Id.*

Here, these concerns are even more acute because Contreras's counterclaim is unrelated to the original debt-collection action instituted by the plaintiff. "[I]t is [thus] difficult to see what practical effect or even conceptual distinction exists between a defendant defending against an original claim and a plaintiff defending against a counterclaim." Recent Development, *A Plaintiff's Power to Remove to Federal Court*, 53 COLUM. L. REV. 282, 283 (1953). Additionally, even the application of *Shamrock Oil*'s rationale to the original plaintiff may be questioned under these circumstances: that Westwood Apex "[brought its] claim in state court does not evidence acquiescence to state court jurisdiction of [an unrelated] counterclaim when, as in the instant case, that is the only available forum because [its] claim is below the federal jurisdictional amount." *Id.*

Until today, our circuit had never adopted the original defendant rule; that is, we had not yet decided whether to extend the *Shamrock Oil* rule to cases in which the removing party is either a third-party defendant or an additional counterclaim

3

defendant. The closest we came was remarking in a pre-CAFA case that it presented an "interesting question." *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988). We extend *Shamrock Oil* today, but ironically we have no occasion to reflect on whether *Shamrock Oil*'s rationale warrants its extension. Because of CAFA's unique context, it suffices to recognize that the original defendant rule is an established legal principle (whether or not *we* have established such a principle in our circuit), *see Palisades Collections*, 552 F.3d at 332 ("For more than fifty years, courts applying *Shamrock Oil* have consistently refused to grant removal power under § 1441(a) to third-party defendants."), that Congress understood established legal principles at the time it enacted CAFA, *see Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (stating that "CAFA . . . evidences detailed appreciation of the background legal context"), and that Congress was careful to make clear when it was eliminating an established legal principle, *see First Bank v. DJL Props.*, 598 F.3d 915, 917 (7th Cir. 2010) ("If the drafters of the 2005 Act wanted to negate *Shamrock Oil*, they could have written 'defendant (including a counterclaim defendant)' or 'any party'. . . . But they chose the unadorned word 'defendant,' a word with a settled meaning.").

The facts of our case, however, highlight the problems with this approach. Here, the removing parties did not choose to litigate this lawsuit in state court; they

4

are not original parties and therefore not within a close reading of *Shamrock Oil*. Rather, they were forced into state court when Contreras transformed a $20,000 debt-collection lawsuit into an unrelated multi-million dollar class action by filing a counterclaim not only against the original plaintiff, but also against the removing parties. Had Contreras filed this class action separately and not by means of a counterclaim, the defendants could have removed the case from state court to federal court under 28 U.S.C. § 1453; but because Contreras did not do so, they must now, by happenstance, litigate in state court.

Given that "Congress expressly intended CAFA to expand federal diversity jurisdiction over class actions," *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1197 (11th Cir. 2007), it seems strange that Congress would have wanted to funnel class actions filed by means of an original complaint into federal court but keep those filed by means of a counterclaim in state court. But as the court correctly concludes, CAFA achieves this particular result, and if Congress does not like it, Congress should rethink the rule.